William Claremore RANSOM, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15047.

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., Phil Scott, Legal Intern, for defendant in error.

BUSSEY, Judge.

William Claremore Ransom, hereinafter referred to as defendant, was charged, tried, and convicted, in the District Court of Oklahoma County, with the crime of Robbery With a Dangerous Weapon; his punishment was fixed at thirty years imprisonment in the state penitentiary, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the facts adduced on the trial reveal that Eddie Williams, 66 years of age, operated the Hall Hotel at 308½ North Central in Oklahoma City, and served as night clerk. He testified that on June 27, 1968, around 1:00 or 2:00 a. m., he was at the hotel, when a man whom he identified as defendant, entered the office forcibly, held a knife at Williams' throat, threatened to cut his throat, and robbed him of a pistol, $50.00 to $75.00, a portable record player, and his watch and ring. Williams reported this to the police. A few days later Williams was in his office looking out the window, and noticed defendant entering a club across the street. He then called the police and defendant was arrested.

Officer Smith of the Oklahoma City Police Department, arrested defendant on July 2, 1968, at the Twilight Club, which is across the street from the Hall Hotel. Defendant was wearing Williams' watch at the time of arrest and had the latter's ring in his pocket.

Defendant took the stand, denied committing the robbery, and testified that he bought the watch and ring on Second Street from a person whom he knew only as "Yo Yo."

■ On appeal it is first contended that the evidence was insufficient to support the verdict of the jury. We are of the opinion that the evidence, although conflicting, is sufficient to support the verdict of the jury, for as we stated in Williams v. State, Okl.Cr., 373 P.2d 91:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts."

See also Kelly v. State, Okl.Cr., 415 P.2d 187.

■ It is next contended that the punishment imposed is excessive. This assignment of error, likewise, is without merit, for we have repeatedly held that:

"The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the court."

See La Rue v. State, Okl.Cr., 404 P.2d 73, and Johnson v. State, Okl.Cr., 386 P.2d 336.

For all of the reasons above set forth, the judgment and sentence appealed from is Affirmed.

BRETT, P. J., and NIX, J., concur.