**David Lee SHOOK, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15718.**

Court of Criminal Appeals of Oklahoma.

March 31, 1971.

David Lee Shook was convicted of the offense of Larceny of an Automobile; he was sentenced to nine (9) years imprisonment; and he appeals. Affirmed.

Robert Stormont, Enid, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

David Lee Shook, hereinafter referred to as "defendant," was charged, tried and convicted at a non-jury trial in the District Court of Garfield County of Larceny of an automobile, his punishment fixed at nine (9) years imprisonment and from said judgment and sentence, an out of time appeal has been granted by this Court.

Briefly stated the evidence at the trial adduced that on June 6, 1969, Mike Shook, the defendant's brother, owned a 1958 Oldsmobile. He testified that he, the defendant and others drove around that evening drinking beer. He left the defendant at approximately 10:00 P.M. and returned to his home about 1:00 A.M., parking the car in the yard. He received a telephone call early that morning and subsequently discovered his car was gone and also money and driver's license had been taken from his pants. He went to Covington, Tennes-

see about three weeks later and picked up the car. The defendant was in custody in Covington. He found his driver's license under the back seat of the car. He did not give the defendant permission to take the car.

George Wickham testified that the defendant came to his house driving his brother's car about 2:00 A.M. The defendant and the witness' brother left in the car saying they were going to Bartlesville.

Ernie Wickham testified that the defendant came to his house early the morning of June 7th. The defendant drove the 1958 Oldsmobile to Bartlesville. They drank a lot of beer and the defendant left for Joplin, Missouri in the car, leaving him in Bartlesville.

The defendant testified that his brother gave him permission to drive the car for a couple of hours. He waited until he went to sleep and took the money and driver's license from his pants. He picked up Ernie and went to Bartlesville. He then went to Joplin, Missouri; Chanute, Kansas; and eventually to Covington, Tennessee. He had been in Covington a week when he was arrested for petit larceny. He admitted that he had three prior convictions for unauthorized use of a motor vehicle.

The defendant's petition in error alleges five specifications of error but only one matter of excessive punishment is urged in his brief. This Court has consistently held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of this Court. Ransom v. State, Okl.Cr., 453 P.2d 301.

This Court on first impression was of the opinion that a nine year sentence under the foregoing recital of facts was excessive. However, after further consideration we cannot conscientiously say that the sentence shocks the conscience of this Court.

The range of punishment for the offense is from three to twenty-four years imprisonment. We note that this was the defendant's fourth similar offense within a five-year period. His prior sentences of eighteen months and thre years obviously did not deter this defendant from repeating his unlawful acts.

In conclusion we observe that the record is free of any error which would justify modification or reversal and under such circumstances we are of the opinion that the judgment and sentence appealed from should be affirmed.

NIX and BRETT, JJ., concur.