Johnny Lee GIVINGS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16618.

Court of Criminal Appeals of Oklahoma.

May 5, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Johnny Lee Givings, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Burglary in the First Degree, After Former Conviction of a Felony; his punishment was fixed at ninety-nine years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that Patricia Rost lived at 1001 S.W. 67th Street in Oklahoma City. She testified that on August 29, 1970, she arrived home about 1:55 a. m. and prepared for bed. She was waiting for her daughter to come home and hearing a car went down the hall and turned on a light and discovered a colored man in her living room. He had a bandanna over his face and she could not identify the person, but he was not an old man. She ran outside and the man followed her. She stumbled and fell and a neighbor driving by took her to his house, where the police were called. Her front screen door had been left closed, but not locked, and her purse had been left shut on her television. On returning with police, she discovered her handbag was on the floor, and her billfold which had contained $37.00, was empty.

Mark Spencer testified that he was 19 years old and lived at 6809 South Klein on that date, about three houses from Mrs. Rost. About 2:00 a. m. he started out to get some cigarettes and noticed Mrs. Rost turn into her driveway and another car come up on the other side with no lights. He saw the driver was a Negro man and thinking "it was kind of odd," he drove past the car, turned around at the intersection, and drove back, whereupon the car

drove on. As Spencer drove by this time, he got a good look at the driver and identified him in court as the defendant. He observed the car to be a 1962 or 1963 Oldsmobile, white over faded-out red. Spencer drove away and got his cigarettes, and, returning about five or ten minutes later, saw the Oldsmobile driver running around the corner, and Mrs. Rost ran and jumped in Spencer's car. He left her at his mother's and returned in time to see the same Oldsmobile driven away, but could not get the tag number. Police officers arrived and he gave them a description.

Officer Jackson of the Oklahoma City Police Department, testified about going to Mrs. Rost's house, observing the purse and billfold on the floor, and calling the crime lab technicians.

Officer Taylor of the Oklahoma City Police Department testified about arresting defendant about 6:30 that morning at his residence.

Officer Barber of the Oklahoma City Police Department, testified that he was specially trained in fingerprint identification, and on August 29, 1970, he went to 1001 S.W. 67th Street and dusted for fingerprints. He identified State's Exhibit 1 as a latent print he lifted from a small notebook from Mrs. Rost's purse; Exhibit 2 as a rolled ink print taken from defendant at the police station. He further testified that Exhibit 3 was an enlargement of Exhibit 1 and an enlargement of the right index fingerprint of defendant. In his opinion, the two prints were the same, containing about thirty points of identity.

For the defendant, Mae Sanders testified that she was defendant's mother and lived in Chandler. She had let her son have a white over dark maroon 1962 model Oldsmobile, and he had it on August 29, 1970.

Lela Givings testified that she was defendant's wife and was living at home with him on August 29, 1970. The evening before he had been out, but returned about 11:45 and she let him in the house. They argued a little while about where he had been, and then went to bed and to sleep.

Moses Napoleon testified that he was defendant's half-brother and was with defendant the evening of August 28, 1970, up until about 11:45, when defendant left him off at home. They had been at two different places all evening shooting pool.

Defendant testified that he had a 1962 Oldsmobile, white over maroon. On the evening in question he drove it to his brother's and they went out and spent the evening shooting pool. He got home before midnight and, after some words, he and his wife went to bed. He denied being at Mrs. Rost's home. He admitted a previous conviction of Second Degree Burglary on a plea of guilty.

■ The first proposition asserts that the verdict is not supported by the evidence. This Court has consistently held that where there is competent evidence from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

■ The final proposition contends that the punishment is excessive. The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case. We have held that the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Ransom v. State, Okl.Cr., 453 P.2d 301. We are of the opinion that a sentence of ninety-nine years does not bear a direct relationship to the nature and circumstances of the offense committed.

It is our conclusion, after carefully considered the entire record, that the ends of justice will best be served by modifying the sentence imposed from ninety-nine

(99) years imprisonment to forty-five (45) years imprisonment, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

NIX and BRETT, JJ., concur.