**Alice Marie STIGALL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15851.**

Court of Criminal Appeals of Oklahoma.

July 28, 1971.

Andrew T. Dalton, Jr., Public Defender, Marion M. Dyer, Appellate Public Defender, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Alice Marie Stigall, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Tulsa County to the offense for Larceny of Merchandise from a Retailer, After Former Conviction of a Felony, and received a two-year suspended sentence. Thereafter, on January 29, 1970, an application to revoke the suspended sentence was heard, and upon hearing, the two-year suspended sentence was ordered revoked, and from said Order Revoking Suspended Sentence, a timely appeal has been perfected to this Court.

 Defendant's sole proposition does not assert that defendant involuntarily entered a plea of guilty, nor does it assert that the court erred in revoking the suspended sentence. Defendant argues that the pun-

ishment is excessive, and should be modified. We have consistently held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and that the Court of Criminal Appeals is without authority to modify a sentence, unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Ransom v. State, 453 P.2d 301.

■ We are of the opinion that a two-year sentence for Larceny of Merchandise from a Retailer, After Former Conviction of a Felony does not shock the conscience of this Court. We observe that the trial court was in a much better position to determine the physical ability of the defendant to serve the sentence imposed, than is this Court.

The judgment and sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.