**Clarence Frank BARFIELD and Albert J. Kalata, Plaintiffs In Error,**

v.

**The STATE of Oklahoma, Defendant In Error.**

**No. A–15644.**

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1971.

Don Rodolph, Clinton, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Clarence Frank Barfield and Albert J. Kalata, hereinafter referred to as defendant Barfield and defendant Kalata, were charged, tried, and convicted in the District Court of Custer County of the offense of Burglary in the Second Degree; there punishment was fixed at seven years imprisonment, and from said judg-

ments and sentences a timely appeal has been perfected to this Court.

Because of the proposition asserted, we do not deem it necessary to recite a detailed statement of facts. Bob Atchley testified that at approximately 7:30 p. m. on the evening of August 14, 1969, he was driving down Highway 47, west of Thomas, Oklahoma, wherein he observed a television set sitting in the middle of the highway. He stopped a Bruce Christensen who was driving in the area, and upon checking a nearby house belonging to Leonard H. Stein, he discovered that it had been broken into. They called the sheriff's office, and while awaiting the under-sheriff to arrive, observed a green 1958 Ford stopped by the television set. Defendant Kalata was driving the car, and defendant Barfield got out of the car, and said "We are going to take the TV set." Atchley asked defendant Barfield if he lived at the house, and he replied "No," wherein he again repeated that he was going to take the TV set. Atchley, who was a gun salesman, pointed his pistol at Barfield and said "Let's wait until the sheriff arrives." Barfield jumped back in the car, and they proceeded east on the highway. Undersheriff Mueller testified that upon arriving at the Stein residence and having a conversation with Atchley, he proceeded in an easterly direction, wherein he observed the 1958 green Ford in a bar ditch. He arrested defendants Barfield and Kalata, who appeared to be intoxicated. He testified concerning physical evidence —tire tracks which matched the defendant's tire were found in the driveway of the Stein residence. He testified that the defendant's car had scratch marks and indentations which matched similar indentations on the television set. There was also green paint on the television set which matched favorably with the paint on defendant's car. He also lifted a latent fingerprint from the broken glass in the back room of the Stein residence, which he delivered to Agent Sid Cookerly.

Leonard Stein testified that he discovered that the back glass of his home had been broken into and a screen removed. He further testified that he did not give defendants or any other person permission to enter the house. He discovered his television set was missing, and that an electric clock had been taken. He subsequently found the electric clock in a culvert in the immediate vicinity wherein the defendants were arrested. The clock's hand was stopped at 7:19.

Sid Cookerly, an agent of the State Bureau of Investigation, and a fingerprint expert, testified that he compared the latent print furnished to him by Officer Mueller to a known sample of defendant Barfield's fingerprints, and that, in his opinion, they were one and the same.

For the defense, defendant Barfield testified that he and defendant Kalata had been drinking heavily on the afternoon in question, that they were driving in the vicinity of the Stein residence, and they observed a television set sitting by the side of the road. They decided to stop to see if they could assist the person that was standing nearby, wherein Atchley pointed a weapon at them and demanded that they stay there until the sheriff arrived. They instead proceeded to drive east, and drove for approximately two miles, wherein the car ran off into a ditch. He denied breaking into the house or that it was possible that his fingerprints were found on the broken glass. He further denied any knowledge of the electric clock. He admitted four previous Felony convictions.

Defendant Kalata did not testify.

The sole proposition asserts that the punishment is excessive. The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case. We have held that the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances

the sentence is so excessive as to shock the conscience of this Court. Ransom v. State, Okl.Cr., 453 P.2d 301.

■ From the foregoing statement of facts wherein the evidence is crystal clear of defendant's guilt, we cannot conscientiously say that the punishment imposed, although the maximum, shocks the conscience of this Court. The judgments and sentences are accordingly affirmed.

BRETT and NIX, JJ., concur.