**Edward Joseph PEPPERS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16594.**

Court of Criminal Appeals of Oklahoma.

Sept. 28, 1971.

Andrew T. Dalton, Jr., Public Defender, Jay D. Dalton, Appellate Public Defender, Tulsa County, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Edward Joseph Peppers, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment was fixed at a term of not less than twenty, nor more than sixty years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Bradford Ray Crakaal testified that on the tenth day of October, 1970, he left his apartment in Tulsa, Oklahoma, locked, and secured. He further testified that he was subsequently called back to his apartment, and found that a window in the rear of the apartment was broken, and that furniture and bedding was missing. He had observed the defendant on several occasions in the apartment building. He testified that he did not give anyone permission to enter his apartment.

Viola Crakaal, the mother of Bradford, testified that she went to her son's apartment during the evening hours of October 10, 1970, and observed the defendant present in front of the apartment. Defendant advised her that her son was not at home, and she became suspicious and returned to the apartment, observing the defendant putting a round table in his car. She contacted Officer Hudson, who was in the area, and advised him of what she had observed.

Officer Hudson testified that after a conversation with the Crakaals he put out a bulletin describing the automobile, the suspect, and the furniture taken from the apartment.

Officer Chance testified that he was on duty on the evening of October 10, and observed the defendant traveling at a high rate of speed. He stopped the defendant for speeding, and in the process of writing the speeding ticket, observed several articles of furniture sticking out of the back window of the automobile. He testified

that shortly after finishing writing the ticket, he received a radio message of a description of a burglary suspect; he then relocated the defendant and placed him under arrest for burglary. He testified that it was his opinion that the defendant was not intoxicated at the time of the arrest.

Bradford Ray Crakaal was recalled for identification of the furniture missing from his apartment, and the pictures of the furniture in the defendant's car.

Defendant testified in his behalf, and testified that on October 10, 1970, earlier in the day, he had been in a friend's house in Tulsa, watching a football game, and drinking quite heavily. He further testified that he went to Crakaal's apartment, and two male persons approached him, and asked him if he would give them $5.00 for this furniture. He testified that he had seen these people there before and had a drink with them. He testified that he gave them $5.00 for the furniture, and put it in his car, and left. He admitted four previous Felony convictions. He further testified that he was staying at his daughter's apartment, which was next-door to the one burglarized, that he had had quite a bit to drink at the time of the alleged burglary, and that he was intoxicated.

The sole proposition asserts that the punishment is excessive. The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case. We have previously held that the Court of Criminal Appeals does not have the power to modify a sentence, unless we can conscientiously say that under all facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. Ransom v. State, Okl.Cr., 453 P.2d 301. We cannot conscientiously say that the sentence imposed shocks the conscience of this Court, in view of the fact that this is the defendant's fifth Felony conviction.

The judgment and sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.