**Billy Otis McCARTY, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–16747.**

Court of Criminal Appeals of Oklahoma.

Oct. 12, 1971.

Don Anderson, Public Defender, Russell Fister, Asst. Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Billy Otis McCarty, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County for the offense of Robbery with Firearms; his punishment was fixed at 99 years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Robert Austin testified that he was the assistant manager of the Safeway Store at Eighteenth and Western Streets in Oklahoma City, Oklahoma, and on duty on September 3, 1970. Just before 9:00 p. m., closing time, the defendant walked up, announced that "this is a robbery," and showed a gun in his belt. He directed Austin to put the employees in the meat cooler, and Austin rounded up three; they all went back to the rear of the store, where defendant pulled the gun from his pants. Austin locked the three employees in the cooler and accompanied the defendant back to the front, where Austin served the remaining customers and locked the door, with the defendant standing by. One of the employees was clocked out at 9:00, and left the store. A police officer appeared in about five minutes and arrested the defendant.

Leo Cooper testified that he was a Safeway employee, working in the back room, and saw defendant put the employees in the cooler. Cooper remained in the back and watched the front through a peep hole; he saw the officer come in and arrest the defendant.

John Reed testified that he was working at Safeway that evening, and after a conversation with Cooper, left the store and called the police.

Walter Gregg testified that he was working at Safeway that evening, and having learned that a robbery was occurring, sent Reed out to call the police.

Sergeant LeMaster, Oklahoma City Police Department, testified that he answered a call and arrived at the Safeway store about 9:00. He arrested the defendant and removed the pistol from the defendant's belt. Defendant did not testify, nor was any evidence offered in his behalf.

The sole proposition contends that the punishment is excessive. The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case. We have previously held that the Court of Criminal Appeals does not have the power

to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Ransom v. State, Okl.Cr., 453 P.2d 301. From the foregoing statement of facts, we cannot conscientiously state that the sentence imposed shocks the conscience of this Court.

The Record is free of any error which would justify modification or require reversal, and under such circumstances, we are of the opinion that the judgment and sentence should be, and the same is, hereby affirmed.

BRETT, J., concurs.

NIX, J., not participating.