Effie Lee DAVIS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15056.

Court of Criminal Appeals of Oklahoma.

May 20, 1970.

Rehearing Denied Oct. 2, 1970.

Wm. H. Lewis, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Dell Gordon, Asst. Attys. Gen., for defendant in error.

BUSSEY, Judge:

Effie Lee Davis, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Assault with a Deadly Weapon; was sentenced to serve five years imprisonment in the state penitentiary, and appeals.

On the trial, Fred Douglas Hines, an acquaintance of the defendant, testified in substance that he had borrowed the defendant's car on a prior occasion and had trouble with the battery, so that he substituted his working battery from his own car which was not at that time operating. He testified that defendant had retrieved her car containing his battery, and subsequently thereto he retrieved his battery from defendant. Subsequent thereto there were various disagreements over who owned what battery culminating January 27, 1968, in Mr. Hines finding the defendant under the hood of his car apparently trying to remove the battery. An argument ensued during which the defendant shot Mr. Hines in the arm with a pistol. Mr. Hines then fled the scene to get assistance from a neighbor.

Earline Randle, the then next-door neighbor of Mr. Hines, testified that on the evening in question she saw the defendant parked in Mr. Hines' driveway when she came home. She also noticed there was a substantial amount of blood on her front porch. She testified that after entering her house she heard two gun shots.

C. E. Douglas, patrolman with the Oklahoma City Police Department, testified that on the evening in question he and his partner received a message from the radio dispatcher to investigate the shooting at the address where Mr. Hines lived. He further testified that they were advised that the defendant was suspected of having committed the offense. Officer Douglas and his partner located the defendant at home, advised her of her constitutional rights and placed her under arrest. He further testified that defendant gave permission to search for a gun, resulting in the officer's finding two pistols, one of which had been recently fired. He further testified that defendant stated that she had shot Mr. Hines because of a cut on her finger which she had received during an argument with Mr. Hines.

Ronald Lee McEwen, a detective with the Oklahoma City Police Department, testified that on the day in question he and his partner investigated the shooting, finding the victim lying on his front porch wounded by a gunshot. He further testified that he later saw the defendant at the police station. After advising her of her rights he testified that she again stated that she had shot Mr. Hines during the disturbance about a car battery.

The defendant testified in her own behalf that she had loaned Mr. Hines her car and subsequently failed to ever have her own battery returned to her. She testified that she had secured the pistol from her sister prior to going to Mr. Hines' home. She further testified that she did not point the gun at him and that she had no intention of doing him any harm. She stated that Mr. Hines frightened her by acting as if he was going to kick her, at which time she shot him. She then left the scene, returned a few minutes later and fired two bullets into the battery still in Mr. Hines' car.

▮ The single assignment of error urged on appeal is that under the evidence it was the duty of the trial court to instruct on the included offense of Assault and Battery, notwithstanding the fact that the instructions of the court were not objected to, nor was any request for such an instruction made by trial counsel. In support of this contention, the defendant cites several cases which stand for the proposition that when there is evidence introduced of a lesser included offense, or when the evidence does not support the principal charge but rather would support a lesser included offense, it is error for the trial court not to instruct on the included offense even though no such instruction was requested.

The State concedes, and the Court agrees, that this is a well established principle of law, but where, as in the instant case, there was undisputed evidence that an assault was made with a dangerous weapon and the defendant contends on trial that the shooting was either accidental or committed in necessary self-defense, and the court properly instructs the jury relative to these theories, it then becomes the duty of the jury to weigh and determine the conflicting evidence. In the instant case, under the facts submitted, there was no evidence which tended to any degree to raise the issue of a lesser included offense and we must therefore hold that the trial court did not err in failing to give an instruction on the offense of Assault and Battery.

 As a part of the same assignment of error, counsel for the defendant urges that if this Court is of the opinion that the judgment and sentence should not be reversed, the judgment and sentence should be modified to a lesser term of years. Running throughout the course of counsel's brief, it is argued that under the unique facts here presented, the imposition of the maximum sentence of five years is excessive and apparently given as a result of bias and prejudice. We have carefully examined the record and find nothing contained therein which would in any way reflect that prejudicial matters were injected into the trial which might have biased or prejudiced the jury against the defendant. Our examination of the evidence leads us to conclude that the defendant intentionally assaulted Mr. Hines with a deadly weapon, without justification or excuse. The fact that the victim did not die as a result of the injury inflicted was not due to any mercy or grace shown him by the defendant, but rather may be attributed to her relatively poor marksmanship. In any event, we observe that the punishment was within the range provided by law and does not shock the conscience of the Court. As we stated in Ransom v. State, Ok.Cr., 453 P.2d 301:

"It is next contended that the punishment imposed is excessive. This assignment of error, likewise, is without merit, for we have repeatedly held that:

'The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the court.'

See La Rue v. State, Okl.Cr., 404 P.2d 73 and Johnson v. State, Okl.Cr., 386 P. 2d 336."

For the reasons above set forth, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.