**Barry C. CLAYTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–590.**

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1984.

Rehearing Denied Feb. 28, 1985.

David L. Miller, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

The appellant, Barry C. Clayton, was charged in separate counts of Attempted Oral Sodomy in violation of 21 O.S.1981, §§ 44 and 886, and Burglary in the First Degree in violation of 21 O.S.1981, § 1431, in the Oklahoma County District Court, Case No. CRF–80–3487. The jury returned

verdicts of guilty on both counts but could not agree on the assessment of punishment. The trial court imposed judgments in accordance with the jury's verdicts and set the sentences at three (3) years' imprisonment for Attempted Oral Sodomy and fifteen (15) years' imprisonment for Burglary I. From these judgments and sentences, the appellant has perfected his appeal.

In the early morning hours of August 30, 1980, G.L.R. awoke to discover a black male, later identified as the appellant, on top of her in her bed. A struggle ensued during which, according to the victim's testimony, the man attempted to force his face into her pubic area in order to commit oral sodomy. As the struggle continued, G.L.R. managed to reach under a table near the bed, grab her pistol and fire it at the appellant, wounding him in the abdominal area. At this point, the appellant grabbed a pillow, clutched it over the wound and stated that he was leaving because he was dying. G.L.R. turned on the light and, while still holding the gun, backed down a hallway to the kitchen to call the police. Appellant followed her to the kitchen and then left through the garage door. According to the victim, the house had been locked and secured before she went to bed and she did not give permission to the appellant to enter the house. The appellant testified that G.L.R. voluntarily let him come into the house.

Judge William Allen conducted a preliminary hearing on October 13, 1980, and bound the appellant over for trial on the charges of *attempted* oral sodomy and burglary in the *first* degree. The minute order regarding the October 20th arraignment, however, reflects that the appellant pled not guilty to oral sodomy and *second* degree burglary. Two days later the district attorney filed an amended information that reflected the charges for which the appellant was actually bound over. The appearance docket indicates that when the case was sent to Judge Jack Parr for trial on December 15, 1980, the judge remanded the case for further preliminary hearing. The appellant alleges that the hearing held on January 28, 1981, pursuant to the remand did not constitute a hearing at all as Judge Allen bound the appellant over for trial again without hearing additional evidence.

In both his first and fifth assignments of error, the appellant contends the trial court erred in denying another preliminary hearing on the first degree burglary charge. It appears to this Court that the change in the charges noted on the October 20th arraignment were due to a clerical error, which possibly stemmed from confusing this case with another in which the appellant was charged with rape and second degree burglary. In any event, even if Judge Allen relied on his memory of the first preliminary hearing as appellant alleges, there was no error as the transcript of the hearing reflects that Judge Allen properly found that the evidence was sufficient to bind the appellant over for trial on first degree burglary and attempted oral sodomy.

The appellant claims in his next assignment of error that the trial court erred in admitting State's Exhibits one through fifteen because the trial court, rather than the State, laid the foundation for their admission. When defense counsel objected to the admission for these exhibits on the basis that the photographs had not been properly identified, the court did question the witness about the accuracy of the pictures' portrayals, but the State had already laid the proper foundation by ascertaining that the pictures accurately reflected and portrayed the conditions of the subject matter on the day in question. *See Hainta v. State*, 596 P.2d 906 (Okl.Cr.1979). There was no error.

In his third assignment of error, the appellant argues that the trial court erred in overruling his demurrer to the State's evidence because the evidence was insufficient to warrant a conviction under 21 O.S.1981, § 886. We cannot agree. This Court has consistently held that the trial court should overrule a demurrer when there is any competent evidence to

support the allegations in the information. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980). Furthermore, once the appellant presents evidence in his own defense, the demurrer is waived, and the question of sufficiency of the evidence is determined by an examination of the entire record viewing the evidence in the light most favorable to the State. *Phillips v. State*, 641 P.2d 556 (Okl. Cr.1982). The record on appeal reveals that the evidence was sufficient to support the jury's verdicts. Thus, this assignment of error is without merit.

 Next, the appellant claims that 21 O.S.1981, § 886, is unconstitutionally vague. That statute reads as follows:

Every person who is guilty of the detestable and abominable crime against nature, committed with mankind or with a beast, is punishable by imprisonment in the penitentiary not exceeding ten (10) years.

In *Wainwright v. Stone*, 414 U.S. 21, 22–23, 94 S.Ct. 190, 192, 138 L.Ed.2d 179 (1973), the United States Supreme Court held that:

The judgment of federal courts as to the vagueness or not of a state statute must be made in the light of prior state constructions of the statute. For the purpose of determining whether a state statute is too vague and indefinite to constitute valid legislation 'we must take the statute as though it read precisely as the highest court of the State has interpreted it.' When a state statute has been construed to forbid identifiable conduct so that 'interpretation by [the state court] puts these words in the statute as definitely as if it had been so amended by the legislature,' claims of impermissible vagueness must be judged in that light. This has been the normal view in this Court. (Citations omitted).

Since *Wainwright*[1], it is clear that if prior State opinions include certain conduct within the definition of "detestable and abominable crimes against nature", the statute is

no longer vague and indefinite. A review of prior state decisions shows that oral sodomy has been included with the definition. *See, e.g., Johnson v. State*, 380 P.2d 284 (Okl.Cr.1963). Thus, the appellant's argument cannot stand.

 In his final assignment of error, the appellant claims that the case must be reversed because the accumulation of errors, when considered as a whole, deprived him of a fair and impartial trial. Since we have found that all of the previous assignments of error are without merit, this final proposition is also without merit. *Brinlee v. State*, 543 P.2d 744 (Okl.Cr.1976).

For the above and foregoing reasons, the judgments and sentences of the trial court are hereby AFFIRMED.

BUSSEY, P.J., concurs.

PARKS, J., concurs in results.

---

**1.** Prior to the *Wainwright* decision, this writer was of the opinion that 21 O.S.1971, § 886 was      unconstitutionally vague.