**Louis Daniel GOLDEN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-83-584.**

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1985.

---

**1.** Prior to the *Wainwright* decision, this writer was of the opinion that 21 O.S.1971, § 886 was unconstitutionally vague.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen. of Okl., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Louis Daniel Golden was charged by Information in Greer County District Court, Case No. CRF–82–17, with the Crime Against Nature (Sodomy), pursuant to 21 O.S.1981, § 886. Appellant waived his right to a trial by jury, and was convicted by the Honorable William Fancher, Associ-ate District Judge, who imposed a five (5) year sentence. We affirm.

S.S., a thirteen-year-old boy, had ar-ranged with appellant to mow a lawn out-side Granite, Oklahoma. After appellant and S.S. arrived at the location, they went inside the house. In an upstairs bedroom, appellant forced S.S. onto a mattress by tickling him. Appellant unsnapped the boy's pants and pulled them down. He placed S.S.'s penis inside his mouth. S.S. immediately jumped out of bed, exclaimed he "wasn't a fag", and ran from the home. Appellant eventually found S.S. and drove him back to Granite. The police were later informed of the incident.

Appellant admitted he and S.S. went into the house, but denied unzipping S.S.'s pants, tickling him, or putting S.S.'s penis in his mouth.

■ Appellant first alleges that 21 O.S. 1981, § 886 is unconstitutionally vague, and appellant's conviction therefore cannot stand. We disagree. This writer has for many years been of the opinion that section 886 is unconstitutionally vague on its face. *See Canfield v. State*, 506 P.2d 987, 989–990 (Okl.Cr.1973) (Brett, J., concurring in part, dissenting in part). However, my col-leagues on this Court and the justices of the United States Supreme Court, in con-struing similar statutes, have disagreed. *See Moore v. State*, 501 P.2d 529 (Okl.Cr. 1972), and *Wainwright v. Stone*, 414 U.S. 21, 94 S.Ct. 190, 138 L.Ed.2d 179 (1973). Therefore, as a matter of stare decisis, I am compelled to uphold the statute and deny this assignment of error. *See Clay-ton v. State*, 695 P.2d 3, 55 O.B.J. 1786 (Okl.Cr.1984).

■ Appellant's second assignment of error alleges the evidence was insufficient to support appellant's conviction. In *Ex Parte DeFord*, 14 Okl.Cr. 133, 168 P. 58 (1917), this Court held section 886 includes copulation *per os*, as alleged here. Pene-tration, however slight, is required to com-plete the offense. 21 O.S.1981, § 887. S.S. catagorically stated appellant placed S.S.'s penis *in his mouth*. The evidence sup-

ports the trial judge's finding that appellant engaged in unlawful oral copulation with S.S., and we will not disturb that finding on appeal. *See Hill v. State*, 368 P.2d 669 (Okl.Cr.1962). This assignment of error is without merit.

Accordingly, the judgment and sentence of the District Court is AFFIRMED.

PARKS, P.J., concurs.

BUSSEY, J., concurs in result.