**Anthony Mark MONEY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–569.**

Court of Criminal Appeals of Oklahoma.

April 24, 1985.
Rehearing Denied May 29, 1985.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Susan Brimer Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Anthony Mark Money, was charged with Rape in the First Degree (Count I), pursuant to 21 O.S.1981, § 1114; Sodomy (Counts II & III), pursuant to 21 O.S.1981, § 888; and Robbery with a Dangerous Weapon (Count IV), pursuant to 21 O.S.1981, § 801, After Conviction of Two or More Felonies, in the Tulsa County District Court, Case No. CRF–82–412. The jury found him guilty of all charges and fixed punishment at twenty (20) years imprisonment for each count in the state penitentiary, each such sentence to run consecutively. From the aforesaid judgment and sentence, the appellant now perfects his appeal.

The facts of the case can be summarized as follows: On September 17, 1982, R.Z. and her daughter were at their home in Tulsa. After putting her daughter to bed, R.Z. telephoned her boyfriend and talked to him for approximately two hours, or until around midnight. During the time she was on the phone, she heard some noises coming from the other part of the house. She attributed them to her daughter. After finishing her call, she was surprised by a man in her bathroom. He was wearing a stocking over his face, a glove on one hand,

and holding a knife. After forcing her to commit oral and anal sodomy, he then raped her. The attack lasted approximately 45 minutes, after which her attacker removed approximately eighteen dollars from the victim's purse.

During the subsequent investigation, evidence was discovered that indicated he had entered through a window. Also, during the attack, he handled a bottle of lotion, from which investigators later obtained his fingerprints. The victim picked the appellant out of a line up. Her description of the attacker fit the appellant accurately; most notably, the description of a horseshoe shaped scar on the appellant's arm.

## I.

The appellant's first assignment of error is that there were irregularities in the proceedings that denied the appellant a fair trial. Specifically, the appellant alleges that the magistrate failed to bind the appellant over for trial "in an enhancement posture." It is clear from the record that prolonged discussions were held as to the necessary amendments to the second page of the information, and it is clear that appellant's trial counsel waived formal arraignment as to the amended information. While it would appear that everyone at the preliminary hearing understood that the appellant was being bound over as a previously convicted felon, the appellant asserts that, in fact, he was not. We do not agree.

■ The record, in fact, reflects that the magistrate conducted prolonged inquiry into the necessary amendments to the second page of the informations during the preliminary hearing. It also reveals that counsel for appellant helped to clarify numbering problems dealing with the second page of the informations dealing with prior convictions. The judgment and sentences to support the second page of the informations were introduced. The court allowed the prosecutor to amend the informations to conform to the proof offered. The magistrate then bound the appellant over on the informations as amended. Certainly it is not conceivable that the appellant was

surprised or prejudiced by the amended informations being allowed. In fact, he waived formal arraignment on the informations as amended. Further, it is apparent that the amended informations were filed prior to district court arraignment, and that the appellant entered a plea of not guilty to the informations alleging the prior convictions. Any irregularities in the preliminary hearing, if there be any, are thereby waived. *Hambrick v. State*, 535 P.2d 703 (Okl.Cr.1975). Therefore, this proposition is without merit.

## II.

Appellant's second assignment of error is that the trial court erred in allowing the in-court identification of the appellant as the perpetrator of the crime.

■ The appellant's motion to suppress the in-court identification was overruled by the trial court during an in camera hearing. Appellant's trial counsel failed to object to the in-court identification at trial, and thus, the allegation of error is waived. *See Smith v. State*, 644 P.2d 106 (Okl.Cr.1982); and *Wing v. State*, 579 P.2d 196 (Okl.Cr. 1978).

■ However, reviewing the record for fundamental fairness, it is clear that although the line-up was somewhat suggestive, the identification of the appellant was independently reliable, and thus, the taint of the suggestive procedures was dissipated. *Hays v. State*, 617 P.2d 223 (Okl.Cr. 1980). There appears to be no substantial likelihood of irreparable misidentification. *Reaves v. State*, 649 P.2d 777 (Okl.Cr.1982). Therefore, even had an objection been made, this proposition would fail.

## III.

In his third assignment of error, the appellant alleges that the trial court committed error when it failed to instruct upon his requested issue of eyewitness identification. We have stated that in cases in which the eyewitness identification is a critical element of the prosecution's case, and a serious question exists concerning the relia-

bility of that identification, a cautionary instruction should be given which advises the jury regarding the factors to be considered. *McDoulett v. State*, 685 P.2d 978, (Okl.Cr.1984).

 Where there is evidence that the witness was not in a position to clearly observe the assailant, and her prior description was inaccurate, the defendant is entitled to an eyewitness instruction informing the jury that the testimony as to identity must be viewed with caution. *McDoulett, supra.*

In a review of the evidence pertaining to the eyewitness account of the victim, it is clear that a cautionary instruction was not necessary. The victim had ample opportunity to view the appellant as the attack lasted approximately 45 minutes. She was positive of her identification at the line-up and the preliminary hearing. She was also able to give a complete and accurate description of the physical characteristics of the appellant.

In light of the accuracy of the identification of the appellant by the victim and the fingerprint evidence linking the appellant to the bottle of lotion at the crime scene, it is clear that the cautionary instruction was not necessary. Thus, this proposition is without merit.

### IV.

Appellant's fourth assignment of error is that of prosecutorial misconduct in the closing arguments of the trial. While it is true that some of the remarks were improper and unnecessary, the vast majority of them were reasonable inferences from the evidence in the case. Absent a showing of prejudice that deprives the appellant a fair trial, this Court will not reverse or modify the sentences imposed. We find the prosecutor did not substantially violate any of the rights of the appellant, therefore, this proposition is without merit.

### V.

In his last assignment of error, appellant alleges that the trial court assessed excessive punishment by sentencing him to consecutive terms of imprisonment rather than concurrent terms of imprisonment for the four counts upon which he was convicted.

It is clear that the decision to run the sentences concurrently or consecutively is a matter within the trial court's discretion. *Lloyd v. State*, 654 P.2d 645 (Okl.Cr. 1982); and *Taylor v. State*, 490 P.2d 1404 (Okl.Cr.1971).

The appellant was sentenced to twenty (20) years on each count, the minimum on each count, considering the After Former Conviction of Two or More Felonies status of the appellant. We find the imposition of these sentences does not merit modification, nor do we find any abuse of discretion on the part of the trial judge. Further, the sentences imposed do not shock the conscience of this Court, and we cannot say that, under all the facts and circumstances, the sentences are excessive. *Davis v. State*, 481 P.2d 161 (Okl.Cr.1970).

Appellant also argues that he was unjustly punished for pursuing his right to jury trial because subsequent pleas to other offenses resulted in consecutive sentences. He makes bold assertions as to the policies of the district courts of Tulsa County, which we consider to be meritless and patently frivolous. Therefore, this proposition must fail.

Accordingly, for the foregoing reasons, the judgment and sentences are **AFFIRMED.**

BRETT, J., concurs.

BUSSEY, J., concurs in results.