**Troy Lee HICKS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–263.**

Court of Criminal Appeals of Oklahoma.

Jan. 7, 1986.

As Corrected Jan. 15, 1986.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

### OPINION

BRETT, Judge:

The appellant, Troy Lee Hicks, was charged by information in the District Court of Tulsa County, Case No. CRF–82–1394, with the detestable and abominable crime against nature (oral-vaginal copulation), in violation of 21 O.S.1981, § 886 and Burglary in the First Degree, in violation of 21 O.S.1981, § 1431. He was convicted on each count and sentenced respectively to

three (3) years' and seven (7) years' imprisonment.

We reverse the conviction for crime against nature but affirm the judgment and sentence for burglary in the first degree.

On February 13, 1982, G.K.M. and her daughter, M.M., were asleep on a couch in their Tulsa Apartment when G.K.M. was attacked by the appellant. G.K.M. and appellant struggled from the living room to the hallway, as M.M. joined in the fray. During the attack, appellant attempted to undress G.K.M., and managed to fondle her. G.K.M. finally yielded to appellant's threats and sent M.M. to a neighbor's apartment. Appellant then placed his mouth on G.K.M.'s vagina, but was startled just seconds later by a noise in the living room. He fled through a bedroom window as G.K.M. ran to a neighbor's apartment.

At trial, two neighbors were called to corroborate part of G.K.M.'s testimony. Appellant took the stand and claimed alibi as his defense. He also called three witnesses on his behalf.

### I.

We turn our attention first to appellant's conviction for the detestable and abominable crime against nature, inasmuch as that conviction must be reversed.

Appellant's first argument in this regard is that 21 O.S.1981, § 886 is unconstitutionally vague. For many years this writer has been of the opinion that section 886 is unconstitutional on vagueness grounds. *See Canfield v. State*, 506 P.2d 987, 989 (Okl.Cr.1973) (Brett, J., concurring in part, dissenting in part). My view has not changed. However, I have been unable to persuade a majority of my colleagues to adopt my view. Despite my strong personal discomfort regarding the constitutionality of this statute, I believe my personal view must take a backseat to principles of *stare decisis. See Clayton v. State*, 695 P.2d 3 (Okl.Cr.1984). Therefore, based on previous precedent by a majority of this

Court, appellant's constitutional claim is without merit.

 Notwithstanding the constitutionality of the statute, we find that appellant's conviction for this crime must be reversed. We determine the State failed to present sufficient evidence to prove the essential element of penetration. 21 O.S.1981, § 887.

Although the proof offered by the State showed appellant, after a difficult struggle with the victim and her daughter, placed his mouth on the victim's vagina for some six to ten seconds, there was no evidence of penetration of the vagina. While it is true that cunnilingus constitutes the crime against nature, it is equally true, under 21 O.S.1981, § 887, that the crime against nature requires "sexual penetration, however slight."

It is truly unfortunate that the Oklahoma Legislature has not seen fit to rewrite the antiquated statutes that make sodomy a crime. Its use of "delicate" language complicates the enforcement of the crime. First of all, the vague language has been made comprehensible and therefore constitutional only by case law. And today a conviction must be reversed because the penetration requirement was written to encompass all crimes against nature without regard to whether penetration should be an element of the specific type of sodomy involved. Of course penetration should be required to prove bestiality. But should not forcible cunnilingus and fellatio be considered criminal acts even though no penetration is accomplished?

Under our present statutes, no conviction for the crime of sodomy can stand without proof of penetration. We are therefore compelled to reverse appellant's conviction for the crime against nature due to insufficient evidence of this element.

## II.

Appellant also raises four additional assignments of error he claims affect the validity of the burglary conviction. He first attacks the validity of M.M.'s testimo-

ny. This assignment of error is predicated on three grounds. First, appellant claims M.M., a nine-year-old deaf-mute child, was incompetent to testify. Second, it is contended the trial court improperly questioned M.M. about the identification of appellant. Third, appellant claims the person used to interpret M.M.'s testimony was not properly qualified or given the necessary oath.

 Title 12 O.S.1981, § 2601 provides, "Every person is competent to be a witness except as otherwise provided in this code." Nowhere in the code is a child excluded from giving testimony simply because of age or physical infirmity. In *Davis v. State*, 647 P.2d 450 (Okl.Cr.1982), we determined a child witness is competent to testify when it is demonstrated the child knows what it means to tell the truth, has taken an oath, and has personal knowledge concerning the offense. The record before this Court shows M.M. was able to distinguish truth from fiction and was sworn. Her testimony demonstrates she had personal knowledge of the crime. We accordingly reject this argument.

 We also reject appellant's assertion the trial court erred in questioning M.M. before the jury. Title 12 O.S.1981, § 2614 vests the trial court with the authority to interrogate any witness. The only limitation placed on the trial judge is that he may not indicate to the jury his view of the issues in contention. *See Lott v. State*, 586 P.2d 70 (Okl.Cr.1978). The record in this case indicates the trial court's questions were entirely proper.

 Appellant next claims the trial court erred in its failure to establish the qualifications of M.M.'s court interpreter or to compel the interpreter to take the required oath or affirmation. 12 O.S.1981, § 2604. If the defendant believed the interpreter was incapable of accurately translating, he was entitled to show that the interpretations were incorrect by direct examination or independent testimony. *See Claycomb v. State*, 22 Okl.Cr. 315, 211 P. 429 (1923). Since he did not, any error

was waived. The right to have the interpreter sworn was also waived since the defendant knew she was not sworn but made no objection until after the verdict. *See Pitman v. State,* 487 P.2d 716 (Okl.Cr. 1971); *Gibbons v. Territory,* 5 Okl.Cr. 212, 115 P. 129 (1911).

■ Appellant also claims prosecutorial misconduct was committed by the State in its examination of a defense witness. This witness was twice asked why she did not bring appellant's alibi to the proper authorities before trial. It is the opinion of this writer that this kind of cross-examination is improper. *See Black v. State,* 664 P.2d 1054, 1058 (Okl.Cr.1983) (Brett, J., dissenting) and *Glover v. State,* 531 P.2d 689, 693 (Okl.Cr.1975) (Brett, J., dissenting). In this case, however, the trial court sustained the defense objection and admonished the jury, and we cannot say this error affected the verdict. *See Mahorney v. State,* 664 P.2d 1042 (Okl.Cr.1983). This assignment of error is without merit.

Appellant's next two assignments of error are taken together. Appellant claims the trial court erred in failing to suppress the identification of appellant by G.K.M. and M.M., or, alternatively, to give *sua sponte* a cautionary instruction on eyewitness identification.

■ We first note appellant neither objected to the testimony of G.K.M. or M.M. regarding the identification of appellant, nor requested an in-camera hearing to attack the identification. This alleged error was therefore waived. *Bowen v. State,* 606 P.2d 589 (Okl.Cr.1980).

■ Furthermore, appellant's failure to request a cautionary instruction on eyewitness identification waived all error on appellate review except fundamental error, *see Klinekole v. State,* 705 P.2d 179 (Okl.Cr.1985), and we find no fundamental error occurred.

We are further convinced, upon our reading of the trial and preliminary hearing record, that neither identification was constitutionally flawed and that no cautionary instruction was needed. The prosecutrix exhibited a high level of certainty in her identification and never wavered from it. She testified she was able to get a good look at the man who attacked her on the night in question. M.M. also never identified anyone other than the appellant. *See Money v. State,* 700 P.2d 204 (Okl.Cr.1985).

Finally, appellant claims he was denied the effective assistance of counsel guaranteed him by the United States and Oklahoma Constitutions. We have examined this claim in light of the standards announced by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and find this claim to be without merit.

Accordingly, appellant's conviction for the crime against nature is REVERSED, and the conviction for Burglary in the First Degree is AFFIRMED.

BUSSEY, J., concurs in result.

PARKS, P.J., concurs in part and dissents in part.

PARKS, Presiding Judge, concurring in part, dissenting in part:

I concur in that portion of the opinion affirming appellant's conviction for Burglary in the First Degree. Although I do not believe 21 O.S.1981, § 886 is unconstitutionally vague, I do agree that the statute should be rewritten and modernized by the Legislature. *See Clayton v. State,* 695 P.2d 3 (Okl.Cr.1984). However, I dissent from that portion of the opinion vacating the conviction under section 886. The better result, I believe, would be to modify the conviction to the included offense of assault with intent to commit sodomy, and leave the punishment intact. *Cf. Woolridge v. State,* 97 Okl.Cr. 326, 263 P.2d 196 (1953) (failure to show essential element of penetration in rape conviction, although all other elements of crime were present, required Court of Criminal Appeals to modify the judgment to the lesser included offense of assault with intent to commit rape).