Johnny L. SHEPPARD, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–679.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1987.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Mary Quinn, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Johnny L. Sheppard, was convicted in Comanche County District Court, Case No. CRF–84–59, of the crime of Possession of Phencyclidine, After Former Conviction of a Felony, and appeals. In appellant's only assignment of error, he

contends that the trial court erred in overruling his motion for a new trial based on newly discovered evidence.

On February 2, 1984, Officers Russell and Brown entered a Comanche County tavern known as Pat's Place in search of an armed robbery suspect, Officer Brown testified that upon entering the tavern he saw the defendant with a hand-rolled cigarette cupped in one hand, and a brown bottle in the other. As Brown approached, the defendant tossed the items under a pool table. Officer Brown picked up the items, examined them, and determined that the bottle contained phencyclidine (PCP). The defendant was then arrested.

The alleged newly discovered evidence is testimony by two witnesses—Essex Wilson and Barry Thomas. Mr. Wilson claims that he was with the defendant at all times and the latter was never in possession of a brown bottle. Mr. Thomas' testimony is that the defendant never mentioned to him that he was in possession of PCP.

This Court has established a four part test to determine if a motion for new trial based on newly discovered evidence should be granted. *Taylor v. State*, 286 P.2d 730 (Okl.Cr.1955). The test requires that the evidence be material, that it could not have been discovered before trial with due diligence, it cannot be cumulative, and it must create a reasonable probability of changing the outcome of the trial. *Id.*

Neither the testimony of Mr. Wilson, nor Mr. Thomas meets these requirements. The testimony proffered by Mr. Thomas is cumulative in nature, since it is simply a restatement of the defendant's own testimony. Furthermore, Mr. Thomas cannot testify as to whether the defendant actually had possession of PCP, just that defendant never mentioned his possessing PCP. It is the opinion of this Court that those who possess illegal substances, do not make a habit of broadcasting that fact to others. Such testimony does not create a reasonable probability of changing the outcome of the trial.

The defendant contends that, even with due diligence, Mr. Wilson could not be reached before trial since defendant only knew him by the nickname, "Rover." However, the defendant and Mr. Wilson had been friends for four or five years. Moreover, Mr. Wilson testified that the defendant knew how to locate him. We are compelled to conclude that if due diligence had been exercised prior to trial, counsel could have become acquainted with the testimony which was later obtained from this witness. The trial court properly overruled the defendant's motion for new trial. The judgment and sentence appealed from is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.