**Joanna SALYERS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–582.**

Court of Criminal Appeals of Oklahoma.

April 27, 1988.

Rehearing Denied May 24, 1988.

**99**

William R. McKinney, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Joanna Salyers, appellant, was tried by jury and convicted of seven (7) counts of Oral Sodomy (21 O.S.1981, § 886), two (2) counts of Indecent or Lewd Acts With a Minor Child Under Sixteen (21 O.S.1981, § 1123), two (2) counts of Aiding and Abetting Indecent Liberties with a Child Under Sixteen (21 O.S.1981, § 1123), one (1) count of Aiding and Abetting Oral Sodomy (21 O.S.1981, § 886), one (1) count of Aiding and Abetting Incest (21 O.S.1981, § 885), and one (1) count of Aiding and Abetting First Degree Rape (21 O.S.1981, § 1114), in Case No. CRF-84-4969, in the District Court of Oklahoma County, the Honorable Raymond Naifeh, District Judge, presiding. The jury set punishment at imprisonment for ten (10) years on each count of oral sodomy, twenty (20) years on each count of indecent or lewd acts with a child under sixteen and on aiding and abetting indecent liberties with a child under sixteen, ten (10) years on aiding and abetting oral sodomy and on aiding and abetting incest, and ninety-nine (99) years on aiding and abetting first degree rape. Judgments and sentences were imposed in accordance with the jury's verdict, the sentences to run concurrently. We reverse in part and affirm in part.

Appellant, her husband and eight minor children (four boys and four girls) moved to Oklahoma from South Carolina. In 1983, the family lived in an automobile repair shop operated by the father. Seven of the children slept in the work area of the shop, while the parents and one child slept in a small room off of the office.

In April of 1984, appellant's eldest son reported to a social worker at school that his sisters were being sexually molested by his father. Appellant confessed to the police and testified at trial that her husband

forced her to participate in sexual acts with her minor daughters and raised the defense of duress. Appellant specifically admitted performing cunnilingus on her fifteen-year-old daughter and that she forced her fifteen-year-old daughter to perform cunnilingus on her. Appellant also admitted fondling her thirteen-year-old daughter's breasts, and sucking her fifteen-year-old daughter's breasts. Appellant denied any sexual misconduct on her nine and eleven-year-old daughters. Appellant also admitted taking photographs of two of her daughters while they were nude.

At trial, the testimony of the four minor daughters revealed appellant had placed her mouth on each of her minor daughters' vaginas and she had forced them to place their mouths on her vagina. The testimony revealed appellant had fondled and sucked her daughters' breasts and she had touched their vaginas. Additionally, the eleven-year-old daughter testified appellant had undressed her so that her father could have vaginal intercourse with the child. The child further testified her mother had taken her to a man's house, where he performed vaginal intercourse with her on four separate occasions, for which appellant was paid between $20 and $40 each time. Lastly, two of the daughters, aged eleven and thirteen, testified appellant made the thirteen-year-old place her mouth on the eleven-year-old girl's vagina.

For her first assignment of error, appellant asserts the State failed to prove the essential element of penetration to support a conviction for oral sodomy. Appellant relies on *Hicks v. State*, 713 P.2d 18, 20 (Okla,Crim.App.1986). The State relies on this writer's dissent in *Hicks*.

Appellant was convicted of oral sodomy under 21 O.S.1981, § 886. Cunnilingus, that is copulation per os, between two females is a violation of Section 886. *Warner v. State*, 489 P.2d 526, 527 (Okla.Crim. App.1971). In the instant case, the victims were minor daughters of appellant; therefore, *Post v. State*, 715 P.2d 1105, 1109 (Okla.Crim.App.1986), *cert. denied* —— U.S. ——, 107 S.Ct. 290, 93 L.Ed.2d 264 (1986), is inapposite.

All crimes in Oklahoma are statutory. 21 O.S.1981, § 2. No act is a crime unless made so by statute. *Griffin v. State*, 357 P.2d 1040, 1046 (Okla.Crim.App. 1960); *State v. Stegall*, 96 Okl.Cr. 281, 253 P.2d 183, 187 (1953). The matter of defining crimes and fixing the degrees of punishment is one of legislative power. *Hunter v. State*, 375 P.2d 357, 362 (Okla.Crim. App.1962). The essential elements of a crime are those set forth in the statutes defining the offense. *State v. Layman*, 357 P.2d 1022, 1031, 1033 (Okla.Crim.App. 1960). The legislature, in 21 O.S.1981, § 887, made penetration, however slight, an essential element for copulation per os prosecuted under Section 886, and no conviction for the crime of oral sodomy can stand without proof of penetration. *Hicks v. State*, 713 P.2d 18, 20 (Okla.Crim.App. 1986), *Golden v. State*, 695 P.2d 6, 7 (Okla. Crim.App.1985). In *Hicks*, my Brother Brett and I requested the legislature to rewrite the sodomy statutes to remove the antiquated requirement of penetration in cases of forcible cunnilingus and fellatio. As of this writing, the legislature has not done so. Therefore, penetration, however slight, remains an essential element for a conviction under Section 886 involving cunnilingus. Here, the prosecutor made no effort to introduce any evidence, either direct or circumstantial, proving the essential element of penetration. Nor did the trial court instruct the jury that penetration is an essential element of the offense. Under these circumstances, the alternative remedy of modification to the lesser included offense of assault to commit sodomy is not available. *Hicks*, 713 P.2d at 21. We have no alternative but to reverse and remand with instructions to dismiss the convictions of oral sodomy (Counts 1, 2, 5, 9, 10, 11, 13) and aiding and abetting oral sodomy (Count 7). *See Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978).

Appellant next asserts the trial court erred by failing to grant her motion for a new trial based upon newly discovered evidence. Appellant's eleven-year-old daughter testified at trial her father had vaginal

intercourse with her. The child additionally testified her mother took her to a man's house for vaginal intercourse on four occasions. After appellant's trial which is the subject of this appeal, a different prosecutor had the eleven-year-old girl physically examined in preparation for trying appellant on another count of aiding and abetting first degree rape. The physician testified at the motion for a new trial he found the child's hymen was intact, he could not insert his finger in her vagina and had to use the smallest instrument available to examine her internally, and, in his opinion, the child had never had sexual intercourse. A second physician examined the child and confirmed her hymen was intact but could neither confirm nor deny previous sexual intercourse. The court heard and denied the motion for a new trial before sentencing appellant, giving the grounds that "She won't serve any time at all. They get down to prison, and they're going to let them out anyway."

 The test for whether a motion for a new trial should be granted based upon newly discovered evidence is: (1) the evidence must be material; (2) the evidence could not have been discovered before trial with due diligence; (3) the evidence cannot be cumulative; and (4) the evidence must create a reasonable probability that, had the newly discovered evidence been introduced at the original trial, it would have changed the outcome. *Sheppard v. State,* 731 P.2d 989, 990 (Okla.Crim.App.1987). In the instant case, the newly discovered evidence that the child's hymen was intact, despite her testimony that she was subjected to vaginal intercourse on at least five occasions, was material to the essential element of penetration. Nor can we ignore that, when this newly discovered evidence was introduced at appellant's later trial for aiding and abetting first degree rape with another man, the jury found both appellant and her co-defendant not guilty, indicating a reasonable probability that, had this evidence been introduced at the trial which is the basis of this appeal, the outcome would have been different for the charges of aiding and abetting incest and aiding and abetting first degree rape. Inasmuch as these children were removed from appellant's custody before her arrest and placed in the custody of the State, we cannot find that, under these facts and circumstances, appellant's failure to have the child physically examined before trial constitutes a lack of due diligence. Finally, physical evidence which contradicts testimony of vaginal penetration cannot be merely cumulative. Since there is a reasonable probability that a different result would have been reached had the newly discovered evidence been introduced at trial, it was an abuse of discretion not to grant appellant's motion for a new trial. *Godbey v. State,* 731 P.2d 986, 988 (Okla.Crim.App.1987). Therefore, appellant is granted a new trial on the charges of aiding and abetting incest (Count 3) and aiding and abetting first degree rape (Count 8).

Applying appellant's remaining assignments of error to the convictions for indecent or lewd acts with a child under sixteen (Counts 4, 14) and aiding and abetting indecent liberties with a child under sixteen (Counts 6, 12), appellant argues: (1) the trial court improperly allowed evidence of other crimes when the court permitted introduction of earlier sexual acts to prove intent or motive and to show a common scheme or plan; (2) the State improperly introduced rebuttal evidence on a collateral issue; (3) the testimony of the children was so contradictory and inconsistent that their testimony should have been corroborated; (4) the punishment was excessive; and (5) the cumulative effect of error requires reversal of her remaining convictions.

 When a child of tender years is under the exclusive domination of a parent for a definite and certain period of time and submits to sexual acts at the parent's demand, the separate acts of abuse become one transaction and are properly admitted to show evidence of a "common scheme or plan" under 12 O.S.1981, § 2404(B). *Huddleston v. State,* 695 P.2d 8, 10–11 (Okla. Crim.App.1985). We find no error in introducing evidence that appellant had fondled and sucked the breasts and touched the genitalia of these children for a period in

excess of one year before the crime for which appellant was charged.

 Admission of rebuttal evidence is a matter within the sound discretion of the trial court and will not be grounds for reversal absent a manifest abuse of discretion. Rebuttal evidence may be offered to explain, repel, disprove, or contradict facts given in evidence by the adverse party, regardless of whether such evidence might have been introduced in the State's case in chief or whether it is somewhat cumulative. *Boyd v. State*, 743 P.2d 658, 662 (Okla. Crim.App.1987). Here, appellant denied she had touched the genitalia of her two six-year-old twin sons. On rebuttal, the children testified appellant made them touch her "private parts" and she touched them on their "private parts." We find no abuse of discretion in permitting this rebuttal testimony.

In a charge of indecent or lewd acts with a child under sixteen and of aiding and abetting indecent liberties with a child under sixteen, the conviction may be sustained upon the uncorroborated evidence of the prosecuting witnesses, unless such testimony appears incredible and so unsubstantial as to make it unworthy of belief. *See Beshears v. State*, 738 P.2d 1375, 1377 (Okla.Crim.App.1987). If the evidence of the children is clear and believable and is not inconsistent, incredible or contradictory, we will not interfere with the jury's verdict. *Id.* In the instant case, the testimony of the children relating to the remaining offenses was lucid, clear and devoid of ambiguity. *Id.* The memory and veracity of these children was thoroughly tested on cross-examination. *Id.* Moreover, the appellant, in her confession to the police and in her trial testimony, admitted the lewd acts and indecent liberties. We find the State was not required to corroborate the childrens' testimony for these remaining convictions to stand.

As to appellant's argument that her sentences for the remaining charges were excessive, we find the facts and circumstances for the remaining charges support the jury's verdict; the record is free from error which would justify a modifica-tion or reversal on the remaining charges; and the punishment imposed is within the statutory range. *Fincher v. State*, 711 P.2d 940, 942–43 (Okla.Crim.App.1985). Nor do the sentences imposed shock the conscience of the Court, requiring modification of the sentence. *Shultz v. State*, 715 P.2d 485, 488 (Okla.Crim.App.1986).

Finally, appellant argues the cumulative effect of error requires reversal of her conviction on the remaining charges. Those errors which affected appellant's convictions for oral sodomy, incest and rape have resulted in reversal of her convictions on these ten charges. The remaining four charges are free from error. We will not reverse on the remaining charges.

In light of the above, appellant's convictions for oral sodomy (Counts 1, 2, 5, 9, 10, 11 and 13) and aiding and abetting oral sodomy (Count 7) are hereby REVERSED and REMANDED with instructions to DISMISS. Appellant's convictions for aiding and abetting incest (Count 3) and aiding and abetting first degree rape (Count 8) are hereby REVERSED and REMANDED for a NEW TRIAL. Appellant's judgments and sentences of imprisonment for twenty (20) years for each count of indecent and lewd acts with a child under sixteen (Counts 4, 14) and aiding and abetting indecent liberties with a child under sixteen (Counts 6, 12) are hereby AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., not participating.