Gregory Ralph **WILHOIT**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–87–454.

Court of Criminal Appeals of Oklahoma.

April 16, 1991.

ORDER

LANE, Presiding Judge.

Appellant was convicted of First Degree Murder, in Case No. CRF–86–8, in the District Court of Osage County, and sentenced to death, from which he has perfected his appeal to this Court, in Case No. F–87–454. On June 16, 1988, appellant filed with this Court a Motion for New Trial on Newly Discovered Evidence and Motion for Evidentiary Hearing Regarding New Evidence and Regarding Effectiveness of Trial Counsel. As per appellant's request, a ruling on this motion was held in abeyance until the defense experts could fully examine the bite-mark evidence. On February 23, 1990, appellant filed with this Court a Motion to Permit Additional Supplementation of Motion for New Trial on Newly Discovered Evidence and Supplementation of Record on Appeal which included the results of the experts' examinations of the bite-mark evidence.

On July 3, 1990, this Court remanded this case back to District Court of Osage County to conduct an evidentiary hearing to determine whether appellant should be afforded a new trial based upon the newly discovered evidence and possible ineffective assistance of counsel. The hearing on this matter was conducted August 28, 30, October 3, 4, and 5, and December 10, 1990, before the Honorable J.R. Pearman, district judge of Osage County. On March 25, 1991, Judge Pearman submitted his Findings of Fact and Conclusions of Law to this Court, which we adopt and incorporate in this matter.

██ A new trial based upon newly discovered evidence may be granted if the defendant can establish 1) that the evidence is material, 2) that it was not available at the time of trial, or if the evidence was available, the defendant could not, by the exercise of due diligence, have procured the same before trial, 3) that it is not cumulative, and 4) that there is a reasonable probability that the result at trial would have been different. *Sheppard v. State*, 731 P.2d 989 (Okl.Cr.1987). The district court found that the evidence was material but that appellant's counsel failed to exercise due diligence in procuring the evidence prior to trial. Based upon these

findings, the district court found, and we agree, that the Motion for New Trial based upon newly discovered evidence must be denied.

 As to appellant's claim that he was denied a fair trial because of ineffective assistance of counsel, he must be able to establish 1) that counsel's assistance was not reasonably effective, and 2) that his deficient performance denied the defendant a fair trial and that but for counsel's deficient performance, the result of the trial could possibly have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). At the evidentiary hearing, there was extensive evidence presented that trial counsel was suffering from alcohol dependence and abuse and brain damage during his representation of appellant. In fact, the Oklahoma Bar Association had found counsel's ability to function as a lawyer was noticeably impaired by alcohol during the time he was representing appellant. Trial counsel even stated in an affidavit that there was no strategic reason for his not pursuing the bite-mark evidence nor for not using a bite-mark expert. This omission is even less excusable in light of the fact that the Wilhoit family had hired a forensic odontologist who was available to examine the bite-mark evidence. Judge Pearman found that because of his failure to investigate the bite-mark evidence, appellant's counsel was deficient and that there is a reasonable probability that the result of the trial would have been different had the defense used an expert. The omission of this evidence cannot be considered a strategic defense tactic.

We find that appellant was denied a fair trial due to ineffective assistance of counsel. We agree with Judge Pearman, as stated in his Conclusions of Law, that "[i]t is imperative that the legal profession allow not even the appearance of misconduct or malpractice." Therefore, appellant's judgment and sentence is REVERSED and REMANDED FOR A NEW TRIAL.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE, Presiding Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge, Specially Concur.
/s/ Tom Brett
TOM BRETT, Judge
/s/ Ed Parks
ED PARKS, Judge
/s/ Charles A. Johnson
CHARLES V. JOHNSON, Judge

LUMPKIN, Vice Presiding Judge, specially concurring:

I concur in the Court's decision in this case and write to compliment the District Judge for a very thorough and scholarly order setting forth the findings of fact and conclusions of law in this case. Judge Pearman meticulously set forth in a nine page order an analysis of the evidence presented during the six days of hearing and succinctly applied those facts to the applicable law in a very competent manner. His diligence has greatly expedited this Court's review of the record and resolution of the issues raised.

I am authorized to state that Judge JOHNSON joins in this specially concurring opinion.