Dear Director Jones:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 The Sex Offender Registration Act ("Act,") 57 O.S. 2001 Supp. 2007, §§ 581 B 590.1, provides that a person convicted of an offense or who receives a deferred sentence in another jurisdiction, who is visiting, residing, working, or attending school in Oklahoma, must register as a sex offender in Oklahoma if that person's offense, if committed or attempted in this State, would have been punishable as one of the offenses enumerated in the Act. Does this requirement mean that such a person must register in Oklahoma so long as the factual basis leading to the foreign conviction or deferred sentence would constitute proof of the elements of one of the offenses enumerated in the Act even if the crime for which the person received the foreign conviction or deferred sentence does not have an exact counterpart under Oklahoma law?
 I. THE APPLICABILITY OF THE OKLAHOMA SEX OFFENDER REGISTRATION ACT
The Oklahoma Sex Offender Registration Act ("Act") is codified at 57 O.S. 2001 Supp. 2007, §§ 581 B 590.1. The purpose of the Act is to provide a means to register sex offenders as a preventative measure against re-offending and so law enforcement officials can easily identify sex offenders and alert the public when necessary to protect the public safety. 57 O.S. 2001, § 581[57-581](B). A person subject to the Act must register with both the Department of Corrections and the local law enforcement authority having jurisdiction in the area where the person resides or intends to reside. 57 O.S.Supp. 2007, § 583[57-583](A). The requirement to register as a sex offender is "a civil, nonpunitive regulatory scheme designed to protect the public against the threat posed by convicted sex offenders" rather than a criminal punishment. A.G. Opin. 05-11 at 52; A.G. Opin. 05-36 at 196; see also A.G. Opin. 03-24 at 136. *Page 2 
In addition to Oklahoma sex offenders, the Act also applies to persons who are residing, working, or attending school in this State and who have been convicted of or received a suspended or deferred sentence in a foreign jurisdiction for "a crime or attempted crime which, if committed or attempted in this state, would be a crime or an attempt to commit a crime" under one of the offenses enumerated in the Act. 57 O.S.Supp. 2007, § 582[57-582](B), (C). Section 583(B) similarly provides that:
 Any person who has been convicted of an offense or received a deferred judgment for an offense in another jurisdiction, which offense if committed or attempted in this state, would have been punishable as one or more of the offenses listed in Section 582 of this title . . . shall register, in person. . . .[1]
Id. § 583(B) (footnote added). The offenses enumerated in the Act include child sexual abuse and exploitation [10 O.S.Supp. 2007, § 7115[10-7115]], sexual assault [21 O.S.Supp. 2007, § 681[21-681]], kidnapping (if the offense involved sexual assault or exploitation) [id. § 741], sexual abuse of an elderly or disabled person [id. § 843.1], trafficking in children [id. §§ 865B867], incest [id. § 885], the crime against nature [id. § 886], forcible sodomy [id. § 888], child stealing (if the offense involved sexual assault or exploitation) [id. § 891], indecent exposure or exhibition [id. § 1021(A)(1)], possessing, producing or selling obscene materials or child pornography [id. § 1021(A)(4)], showing or furnishing obscene material or child pornography to a minor [id.
§ 1021(B)(2)], soliciting or aiding a minor to perform sexually [id.
§ 1021(B)(1)], procuring or causing any minor to participate in child pornography or possessing, creating, or distributing child pornography [id. § 1021.2], permitting or consenting by a parent or guardian to the participation of a minor in child pornography [id. § 1021.3(A)], sexual conduct or communication with a minor or person believed to be a minor [id. § 1040.13a], procuring or detaining a minor for prostitution [id.
§§ 1087B1088], rape by instrumentation [id. § 1111.1], first or second degree rape [21 O.S. 2001, § 1114[21-1114]], and lewd molestation [21 O.S.Supp. 2007, § 1123[21-1123]].[2] The registration requirement of Section 583(B)(1) is imposed upon any person subject to the section who "enters and intends to be in the state for any purpose for five (5) consecutive days or longer, calculated beginning with the first day, has any type of full-time or part-time employment, with or without compensation for more than five (5) cumulative days in any sixty-day period, or is enrolled as a full-time or part-time student within this state." Id. *Page 3 
 II. ANALYSIS
You ask, in effect, what renders a crime or offense addressed in a foreign conviction or deferred sentence "a crime or attempted crime which, if committed or attempted in this state, would be a crime or an attempt to commit a crime" enumerated in the Act, such that a person convicted of or receiving a deferred sentence in a foreign jurisdiction for such a crime would be subject to the registration requirements of the Act. 57 O.S.Supp. 2007, § 582[57-582](B). This is a question which requires some discussion of what a crime or offense is.
Our Legislature has defined a crime or offense as:
 [A]n act or omission forbidden by law, and to which is annexed, upon conviction, one of the following punishments:
 1. Death;
 2. Imprisonment;
 3. Fine;
 4. Removal from office; or,
 5. Disqualification to hold and enjoy any office of honor, trust, or profit, under this State.
21 O.S. 2001, § 3[21-3]. Individual crimes and their elements are further defined by statute. See Salyers v. State, 755 P.2d 97, 100
(Okla.Crim.App. 1988) (holding that "[a]ll crimes in Oklahoma are statutory" and that "[n]o act is a crime unless made so by statute"). The Oklahoma Court of Criminal Appeals clarified that "[t]he essential elements of a crime are those set forth in the statutes defining the offense." Id.; see State ex rel. Okla. Bar Ass'n v. Dobbs, 94 P.3d 31, 59
(Okla. 2004). According to Black's Law Dictionary, the elements of a crime are "[t]he constituent parts of a crime B usu[ally] consisting of the actus reus, mens rea, and causation B that the prosecution must prove to sustain a conviction." Id. (8th ed. 2004) (Westlaw).
Therefore, in general, whether certain conduct constitutes a crime or offense is determined first by considering whether the conduct is forbidden by law and subject to punishment, and second by considering whether the facts surrounding that conduct could prove the essential elements of any particular crime described by statute. In the context of your question, we look to see if conduct undertaken outside Oklahoma, which resulted in a foreign conviction or deferred sentence, would be forbidden by law and subject to punishment in this State and whether such conduct would satisfy the elements of any of the domestic statutes referenced in the Act. *Page 4 
In determining what factors should be considered in deciding whether an offense referenced in a foreign conviction or deferred sentence would constitute a crime in Oklahoma if committed here, we must first look to the Legislature's intent in enacting the Act. "Legislative intent governs statutory interpretation and this intent is generally ascertained from a statute's plain language." State ex rel. Okla. State Dep't of Health v.Robertson, 152 P.3d 875, 877-78 (Okla. 2006). Moreover, "[t]he plain meaning of a statute's language is conclusive except in the rare case when literal construction would produce a result demonstrably at odds with legislative intent." Boston Ave. Mgmt., Inc. v. Assoc. Res., Inc.,152 P.3d 880, 885 (Okla. 2007) (citation omitted). Therefore, once the Legislature's intent has been determined from reviewing the statute, "that intent controls the interpretation and application of the law."Corr v. Smith, 178 P.3d 859, 864 (Okla. 2008).
It is clear from the language of the Act that our Legislature intended the registration requirement to be broadly applicable. As noted previously, the terms "offense" and "crime" refer to both conduct that is unlawful and punishable as well as to a particular set of essential elements. 21 O.S. 2001, § 3[21-3]; Dobbs, 94 P.3d at 59; Salyers,755 P.2d at 100. Therefore, it is apparent that our Legislature intended for certain individuals who have committed acts that ultimately resulted in criminal convictions or even deferred sentences pursuant to foreign laws to register as sex offenders here if those acts, if committed or attempted in Oklahoma, would be punishable under one or more of the domestic laws enumerated in the Act. This obligation is imposed regardless of whether exact counterparts reflecting the particular elements required for proof of the foreign crimes for which the sex offenders were specifically convicted have been enacted in Oklahoma. In other words, so long as the conduct leading to the foreign conviction or deferred sentence "would have been punishable as one or more of the offenses" enumerated in the Act, the person so convicted must register as a sex offender in Oklahoma if he or she is found in this State for any of the periods or purposes set forth in the Act. 57 O.S.Supp. 2007, § 583[57-583](B).
We further find the Legislature's intent that the Act be broadly applicable suggests evidence of a person's conduct related to a foreign conviction or deferred sentence can be drawn from numerous sources. One such source may be the statutory language defining the crime for which the person has been convicted or received a deferred sentence in a foreign jurisdiction if, in order to prove a conviction under such language, the person's conduct would necessarily have violated one of the enumerated Oklahoma statutes. Other sources may include the person's foreign judgment and sentence, any factual statements contained in legal materials such as plea paperwork, transcripts of hearings, judicial opinions, or the like, and admissions or statements made by the person to Oklahoma officials involved in determining whether the person is required to register under the Act. This list of possible sources is not exclusive but is only illustrative.
As an aid to explaining this Opinion, we offer the following example: A person convicted of a Texas crime called "Improper Relationship Between Educator and Student" is present in this state for a purpose and/or period described in the Act. See TEX. PENAL CODE ANN. § 21.12
(Vernon 2007). The factual basis of this foreign conviction is that the person, a high school teacher, touched the *Page 5 
breasts of a fifteen-year-old female student. A review of the criminal provisions enumerated in the Act shows that there is no similarly-titled offense which requires registration under Oklahoma law. In addition, none of the enumerated offenses incorporate the exact elements required to prove the foreign crime: (1) the defendant is an employee of a public or private primary or secondary school, (2) the defendant engages in sexual contact, sexual intercourse, or deviate sexual intercourse with (3) a person who is enrolled in the public or private primary or secondary school at which the defendant works and (4) the victim is not the defendant's spouse. See Mauro v. State, 221 S.W.3d 896, 905-06
(Tex.App.-Beaumont 2007).
Comparing the factual scenario to the enumerated provisions listed in Section 582 of Oklahoma's Sex Offender Registration Act, however, reveals that such conduct, if proven, could constitute a violation of one of the enumerated provisions: Oklahoma's lewd molestation statute. 21 O.S.Supp. 2007, § 1123[21-1123]. This is because one way to commit lewd molestation in this State is to knowingly and intentionally "[l]ook upon, touch, maul, or feel the body or private parts of any child under sixteen (16) years of age in any lewd or lascivious manner" which is indecent or in any manner relating to sexual matters or sexual interest. Id.
§ 1123(A)(2), (A)(4). Assuming the factual basis presented, if committed in Oklahoma, would be punishable as a violation of Section 1123, the person with the Texas conviction would be required to register in Oklahoma as a sex offender pursuant to the applicable provisions of the Act. Whether any particular conduct, if committed in Oklahoma, would Abe a crime or an attempt to commit a crime" enumerated in the Act, however, is a question of fact which is beyond the scope of this Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. If the factual basis of a foreign conviction or deferred sentence would support the finding of the essential elements of any of the crimes enumerated in 57 O.S.Supp. 2007, § 582[57-582], regardless of whether the particular elements required to prove the foreign violation are explicitly repeated in the Oklahoma law, the person with such a foreign conviction or deferred sentence is required to register as a sex offender in Oklahoma, provided the other aspects of the Sex Offender Registration Act are met to make the requirement applicable to him or her.
 2. The factual basis supporting an underlying foreign conviction or deferred sentence may be determined from a number of sources including, but not limited to, the statutory language defining the crime for which the person has been convicted in a foreign jurisdiction if, in order to prove a conviction under such language, the person's conduct would necessarily have violated one of the provisions enumerated in 57 O.S.Supp. 2007, § 582[57-582], the person's foreign judgment and sentence, any factual statements contained in legal materials such as plea paperwork, *Page 6 transcripts of hearings, judicial opinions, or the like, and admissions or statements made by the person to Oklahoma officials.
 3. Whether any particular factual situation underlying a foreign conviction or deferred sentence would "be a crime or an attempt to commit a crime" enumerated in the Sex Offender Registration Act, is a question of fact beyond the scope of this Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
PRESTON SAUL DRAPER ASSISTANT ATTORNEY GENERAL
[1] This provision is not restricted as to when the foreign conviction or deferred sentence occurred, but only applies to those who enter Oklahoma on or after November 1, 1989. Id. § 583(A).
[2] This list is not exhaustive and does not describe every possible permutation of the offenses enumerated in the Act, but is provided to illustrate the variety of crimes to which the Act applies. *Page 1