**Tillman JAMISON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12364.**

Criminal Court of Appeals of Oklahoma.

Dec. 5, 1956.

Carloss Wadlington, Pat Holman, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Tillman Jamison, defendant below, was charged in the District Court of Pontotoc County, Oklahoma, by

information with the commission of the crime of murder. In said information it was alleged that he did feloniously and unlawfully and with premeditated design take the life of one Horace Edmondson by shooting him with a .32 caliber Winchester rifle. He was tried by a jury, convicted of first degree manslaughter, and his punishment fixed at forty years in the penitentiary. Judgment and sentence were entered accordingly from which this appeal has been perfected.

■ First, the defendant urges that the trial court erred in permitting the jury to separate at the conclusion of the trial court's instructions, as reflected by the minutes, upon agreement by both sides "that the jury may split up and go home". Thereafter, the trial court administered to the jury the usual admonition to talk to no one or permit no one to talk to them concerning the case. The defendant urges that this action on the part of the trial court constitutes reversible error. This point has been adversely determined to the defendant's contention in Hobson v. State, Okl.Cr., 277 P.2d 695, wherein the court held that the right of a criminal defendant to have the jury kept together until after final submission and agreement upon a verdict or until discharged by the court is one which may be waived. From the transcript of the record it appears that the separation of the jury was by agreement of the defendant and his counsel and without objection. Under these conditions, the contention is without merit.

The defendant further urges that the record discloses that the fatal shot was fired strictly in self defense, therefore, the sentence imposed is excessive. In this connection, the evidence discloses that the defendant bided his time until he had been informed that the woman in the case and the deceased were asleep, at which time he made the observation, "All right," that he would be down there in a little while. He took his loaded gun, went to the scene of the killing, walked into the house, called, "get up," and the deceased got up. On giving the command to get up, he did not give the name of any particular individual. Horace Edmondson, the deceased, got up, unarmed, and was not heard to say a thing by the only other eyewitness. (Maureen Edmondson did not awake until she heard the shot.) The defendant fired a .32 caliber rifle, shooting the deceased in the back of the left chest under the arm pit, the bullet ranging through the back of the right lung and passing through the eighth and ninth vertebrae, severing the spinal cord. From this wound, Edmondson died 30 days later.

■ The defendant interposed the plea of self defense based upon prior threats and fear, but the evidence discloses that he shot Edmondson, the decedent, with premeditated design while he was utterly defenseless and in a state of stupor accompanying a sudden awakening from sleep. It makes no difference how much he feared the decedent, which this record does not substantially support. Fear, based upon threats alone unless accompanied by some overt act or demonstration designed to execute the threats, which furnished the defendant some reason to believe that he was in danger of being killed or suffering great bodily injury at the hands of the deceased, will not support a plea of self defense and mitigate the homicide. Fields v. State, 85 Okl.Cr. 439, 188 P.2d 231. As in the Fields case, there was an absence of overt acts in the case at bar to support the plea of self defense.

■ In light of the record and the foregoing rule of law, we are of the opinion that the judgment and sentence is not excessive, but that the defendant is exceedingly fortunate to have escaped with a penalty of forty years in the penitentiary.

Judgment and sentence affirmed.

JONES, P. J., and POWELL, J., concur.