OSCN Found Document:IN RE ADOPTION OF THE 2017 REVISIONS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS-CRIMINAL

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN RE ADOPTION OF THE 2017 REVISIONS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS-CRIMINAL
2017 OK CR 1
Case Number: CCAD-2017-1
Decided: 02/09/2017
IN RE ADOPTION OF THE 2017 REVISIONS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS-CRIMINAL
Cite as: 2017 OK CR 1, __ __

 

 

ORDER ADOPTING AMENDMENTS TO OKLAHOMA UNIFORM JURY
INSTRUCTIONS-CRIMINAL (SECOND EDITION)

¶1 On January 17, 2017, The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Jury Instructions submitted its report and recommendations to the Court for adoption of amendments to Oklahoma Uniform Jury Instructions-Criminal (Second Edition). The Court has reviewed the report by the committee and recommendations for the adoption of the 2017 proposed revisions to the Uniform Jury Instructions. Pursuant to 12 O.S. 2011, § 577.2, the Court accepts that report and finds the revisions should be ordered adopted.

¶2 IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the report of The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Jury Instructions shall be accepted, the revisions shall be available for access via the internet from this Court's web site at www.okcca.net on the date of this order and provided to West Publishing Company for publication. The Administrative Office of the Courts is requested to duplicate and provide copies of the revisions to the judges of the District Courts and the District Courts of the State of Oklahoma are directed to implement the utilization of these revisions effective on the date of this order.

¶3 IT IS FURTHER ORDERED ADJUDGED AND DECREED the amendments to existing OUJI-CR 2d instructions, and the adoption of new instructions, as set out in the following designated instructions and attached to this order, are adopted to wit:

1-11; 4-128; 4-139; 6-39A; 6-39B; 7-11; 7-12; 8-4; 8-15A; 8-46;
8-61; 9-45; 10-13;

¶4 The Court also accepts and authorizes the updated committee comments and notes on use to be published, together with the above styled revisions and each amended page in the revisions to be noted at the bottom as follows "(2017 Supp.)".

¶5 IT IS THE FURTHER ORDER OF THIS COURT that the members of The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Criminal Jury Instructions be commended for their ongoing efforts to provide up-to-date Uniform Jury Instructions to the bench and the bar of the State of Oklahoma.

¶6 IT IS SO ORDERED.

¶7 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 9th day of February, 2017.

/S/GARY L. LUMPKIN, Presiding Judge

/S/DAVID B. LEWIS, Vice Presiding Judge

/S/ARLENE JOHNSON, Judge

/S/CLANCY SMITH, Judge

/S/ROBERT L. HUDSON, Judge 

ATTEST:

/s/Michael S. Richie
(Clerk)

 

 

OUJI-CR 1-11

DEFENDANT'S SELF REPRESENTATION

[Name of Defendant] has decided to represent himself/herself in this trial and not to use the services of a lawyer. He/She has a constitutional right to do that. This decision must not affect your consideration and your decision whether or not he/she is guilty or not guilty.

Although the defendant has chosen to represent himself/herself , the court has appointed [Name of Standby Counsel] to assist [Name of Defendant] as standby counsel. This is a standard procedure.

Notes on Use

The trial court should give the second paragraph if it has appointed a standby counsel for the defendant.

 

OUJI-CR 4-128

FORCIBLE SODOMY -- ELEMENTS

No person may be convicted of forcible oral sodomy unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, penetration;

Second, of the mouth/vagina of the defendant/victim;

Third, by the mouth/penis of the defendant/victim;

[Fourth, which is accomplished by means of force or violence, or threats of force or violence that are accompanied by the apparent power of execution.]

You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.

OR

[Fourth, by a person over the age of eighteen on a child under the age of sixteen.]

You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.

OR

[Fourth, committed upon a person incapable through mental illness or any unsoundness of mind of giving legal consent].

You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.

OR

[Fourth, committed by a state/county/municipal/ (political subdivision) employee/contractor/[employee of a contractor of (the state)/ (a county/municipality/(political subdivision of Oklahoma)] upon a person who was under the legal custody, supervision or authority of a (state agency)/county/ municipality/(political subdivision) of Oklahoma.

You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.

OR

[Fourth, where the victim was at least sixteen but less than twenty years of age;

Fifth, the victim was a student of a (secondary school)/(junior high)/ high/(public vocational) school;

Sixth, the defendant was eighteen years of age or older; and

Seventh, the defendant was an employee of the victim's school system].

You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.

OR

[Fourth, where the victim was at the time unconscious of the nature of the act and this fact was/(should have been) known by the defendant].

You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.

OR

[Fourth, where the victim was intoxicated by a/an narcotic/(anesthetic agent);

[Fifth, (given by)/(with the knowledge of) the defendant;

[Sixth, as a means of forcing the victim to submit].

You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.

______________________________

Statutory Authority: 21 O.S. 2011 & Supp. 2016, §§ 886 - 888.

Notes on Use

This instruction is intended for use in forcible oral sodomy cases under 21 O.S. 2011 & Supp. 2016, § 888. It does not cover forcible anal sodomy, which constitutes the crime of rape and is covered by OUJI-CR 4-119 through 4-127.

The trial court should select the Fourth Element that is supported by the evidence. The Fourth Element should not be included for prosecutions under 21 O.S. 2011, § 886.

The trial judge should pay particular attention to making sure the Second and Third Elements conform to the evidence at trial. In Collins v. State, 2009 OK CR 32 n.11, 223 P.3d 1014, 1018 n.11, the Court of Criminal Appeals stated that:

[I]n cases involving separate counts of forcible oral sodomy, where the crimes alleged involve different factual theories, it is advisable to instruct the jury with separate instructions. In particular, such instructions should make clear whether the crime alleged is forcing the victim to perform oral sex on the perpetrator (penetration of the mouth of the victim by the penis of the defendant) or forcing the victim to endure oral sex performed by the perpetrator (penetration of the vagina of the victim by the mouth of the defendant).

In addition, in the Second and Third Elements, the trial judge should not select the options of penetration of the vagina of the victim by the penis of the defendant, because that would constitute rape, and the appropriate instruction for rape should be used instead.

Committee Comments

Oklahoma has two sodomy statutes, 21 O.S. 2011 & Supp. 2016, §§ 886, 888. Force is not an element of sodomy under 21 O.S. 2011, § 886. Hinkle v. State, 1989 OK CR 4, ¶¶ 4-5, 771 P.2d 232, 233. Proof of force is required under 21 O.S. 2011, § 888, however, unless the victim was under 16 years of age, unconscious, intoxicated, or mentally ill, or the sodomy was committed by a state employee or contractor upon a person in the custody of a political subdivision of the State.

Section 886 has been held not to be unconstitutionally vague. Golden v. State, 1985 OK CR 9, ¶ 4, 695 P.2d 6, 7. However, in Post v. State, 1986 OK CR 30, ¶¶ 11-12, 715 P.2d 1105, 1109-10, the Oklahoma Court of Criminal Appeals declared it unconstitutional as violative of the right to privacy if applied to private consensual heterosexual activity. Accordingly, the jury should receive an instruction on the defense of consent in such cases if there is evidence of consent presented. Hinkle v. State, 1989 OK CR 4, ¶¶ 4-5, 771 P.2d 232, 233. In Garcia v. State, 1995 OK CR 85, ¶ 4, 904 P.2d 144, 145, the Court of Criminal Appeals ruled that it was error for the trial court to give an instruction for non-forcible sodomy (21 O.S. 2011, § 886) as a lesser included offense of forcible sodomy (21 O.S. 2011 & Supp. 2016, § 888), where the charge involved heterosexual activity and the defendant raised the defense of consent.

Penetration is required under 21 O.S. 2001, § 887. Salyers v. State, 1988 OK CR 88, ¶ 7, 755 P.2d 97, 100. Corroboration of the victim's testimony is not required unless "the victim's testimony is so incredible or has been so thoroughly impeached that a reviewing court must say that the testimony is clearly unworthy of belief." Salyer v. State, 1999 1988 OK CR 184, ¶ 22, 761 P.2d 890, 895.

 

OUJI-CR 4-139

RAPE AND SEX CRIMES -- DEFINITIONS

Child Pornography - Any (visual depiction/(individual image) stored/ contained in any format on any medium including, but not limited to, film/(motion picture)/videotape/photograph/ negative/(undeveloped film)/slide/(photographic product)/(reproduction of a photographic product)/play/ performance in which a child under the age of 18 years (is engaged with any person, other than his/her spouse in)/observes any (act of sexual intercourse, which is normal or perverted)/(act of anal sodomy)/(act of sexual activity with an animal)/(act of sadomasochistic abuse, including flagellation/torture/[the condition of being fettered/bound/ (physically restrained) in the context of sexual conduct])/(act of fellatio/cunnilingus)/(act of excretion in the context of sexual conduct)/ [ (lewd exhibition of the uncovered genitals in the context of masturbation/(sexual conduct)])/(lewd exhibition of the (uncovered genitals)/buttocks/(the breast of a female minor) where the lewd exhibition has the purpose of sexual stimulation of the viewer).

Reference: 21 O.S. 2011 & Supp. 2014 2016, § 1024.1.

Force - Force means any force, no matter how slight, necessary to accomplish the act without the consent of the victim. The force necessary to constitute an element need not be actual physical force since fear, fright or coercion may take the place of actual physical force. 

Reference: 21 O.S. Supp. 2016, § 111.

Inanimate Object - Not having the qualities associated with active, living organisms.

Genitals or Genitalia - The external sex organs.

Harmful to minors - That quality of any description/exhibition/presentation/ representation, in whatever form, of nudity/(sexual conduct or sexual excitement)/(sadomasochistic abuse) when the material/performance, taken as a whole, has the following characteristics:

(1) the average person eighteen (18) years of age or older applying contemporary community standards would find that the material/performance has a predominant tendency to appeal to a prurient interest in sex to minors, and

(2) the average person eighteen (18) years of age or older applying contemporary community standards would find that the material/performance depicts/describes nudity/(sexual conduct or sexual excitement)/ (sadomasochistic abuse) in a manner that is patently offensive to prevailing standards in the adult community with respect to what is suitable for minors, and

(3) the material/performance lacks serious literary, scientific, medical, artistic, or political value for minors,

OR

Any description/exhibition/presentation/representation, in whatever form, of inappropriate violence.

Reference: 21 O.S. 2011, § 1040.75.

Knowing or Knowingly - Being aware of the existence of facts that cause the act to be criminal in nature. A person need not be aware of the applicable law to do an act "knowingly," but only need to be aware of the applicable facts.

Lascivious - Characterized by or expressing lust or lewdness.

Law Enforcement Activity - A person engages in "Law Enforcement Activity" when acting under the direction of the courts or the direction or supervision of a law enforcement agency while investigating criminal activity.

Reference: 21 O.S. 2011, § 1021.1.

Lewd - Obscene, lustful, indecent, lascivious, lecherous.

Reference: 21 O.S. 2011, § 1030(6).

Obscene Material - Any representation, performance, depiction or description of sexual conduct in any form or on any medium including (still/undeveloped photographs)/(motion pictures)/(undeveloped film)/videotape/ (optical/magnetic/(solid state) storage)(purely photographic product)/(reproduction of a photographic product in any book/ pamphlet/magazine/publication/(electronic/photo-optical format)):

First, in which there are depictions/descriptions of sexual conduct which are patently offensive as found by the average person applying contemporary community standards;

Second, which, taken as a whole, has as the dominant theme an appeal to prurient interest, as found by the average person applying contemporary community standards; and

Third, which a reasonable person would find that the material/ performance when taken as a whole lacks serious literary, artistic, educational, political, or scientific purposes or value.

Reference: 21 O.S. 2011 & Supp. 2014 2016, § 1024.1.

Performance - Any display, live or recorded, in any form or medium.

Reference: 21 O.S. 2011 & Supp. 2014 2016, § 1024.1.

Private Parts - The genitals or sex organs.

Sexual Conduct -- Acts of sexual intercourse including any intercourse which is normal or perverted, actual or simulated.

OR

Acts of deviate sexual conduct, including oral and anal sodomy.

OR

Acts of masturbation.

OR

Acts of sadomasochistic abuse including but not limited to: (1) flagellation/torture by/upon any person who is nude/[clad in undergarments/ (costume which is of a revealing nature)], or (2) the condition of being fettered/ bound/(physically restrained) on the part of one who is nude/[clad in undergarments/(costume which is of a revealing nature)].

OR

Acts of excretion in a sexual context.

OR

Acts of exhibiting human genitals or pubic areas.

[Sexual conduct includes acts performed alone/(between members of the same/opposite sex)/(between humans and animals) in an act of apparent sexual stimulation/gratification.]

Reference: 21 O.S. 2011 & Supp. 2014 2016, § 1024.1.

 

OUJI-CR 6-39A

POSSESSION OF A FIREARM/WEAPON BY A CHILD -- ELEMENTS 

No child may be found delinquent for committing the offense of possession of a firearm/weapon by a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, knowing;

Second, willful;

Third, possession of;

Fourth, a [Specify Type of Firearm or Weapon in 21 O.S. Supp. 2016, § 1272].

______________________________
Statutory Authority: 21 O.S. Supp. 2016, § 1273(C).

 

OUJI-CR 6-39B

POSSESSION OF A FIREARM BY A CHILD -- DEFENSE 

The defendant has raised the defense that he/she was in the possession of a firearm that was used for participation in [Specify Activity Listed in 21 O.S. Supp. 2016, § 1273(C)]. It is the burden of the State to prove beyond a reasonable doubt that the defendant was in the possession of a firearm that was not used for participation in [Specify Activity Listed in 21 O.S. Supp. 2016, § 1273(C)].

______________________________
Statutory Authority: 21 O.S. Supp. 2016, § 1273(C).

 

C. USING A COMMUNICATIONS FACILITY TO COMMIT A FELONY

OUJI-CR 7-11

USING A COMMUNICATIONS FACILITY
TO COMMIT A FELONY - INTRODUCTION

The defendant(s) is/are charged with using [specify communications facility described in 13 O.S. 2011, § 176.2(5), such as a telephone] to commit a felony on [Date] in [Name of County] County, Oklahoma.

______________________________

Statutory Authority: 13 O.S. 2011, § 176.3(8).

 

OUJI-CR 7-12

USING A COMMUNICATIONS FACILITY
TO COMMIT A FELONY - ELEMENTS

No person may be convicted of using a [specify communications facility described in 13 O.S. 2011, § 176.2(5), such as a telephone] to commit a felony unless the State proves beyond a reasonable doubt each element of the crime. These elements are:

First, willfully using a [specify communications facility described in 13 O.S. 2011, § 176.2(5), such as a telephone];

Second, in committing/(causing/facilitating the commission of);

Third, the crime of [specify felony listed in 13 O.S. Supp. 2016, § 176.7].

 

OUJI-CR 8-4

DEFENSE OF ANOTHER - JUSTIFIABLE USE
OF NONDEADLY FORCE

A person is justified in using force in defense of another if that person reasonably believed that use of force was necessary to protect another from imminent danger of bodily harm. Defense of another is a defense although the danger to the personal security of another may not have been real, if a reasonable person, in the circumstances and from the viewpoint of the defendant, would reasonably have believed that another was in imminent danger of bodily harm. The amount of force used may not exceed the amount of force a reasonable person, in the circumstances and from the viewpoint of the defendant, would have used to prevent the bodily harm.

______________________________
Statutory Authority: 21 O.S. 1991 2011, § 643(3).

Committee Comments

Since section 643(3) is also the statutory authorization for the use of nondeadly force both in self-defense and in the defense of another, the same interpretation should be given the statutory language should be construed the same way for both defenses. Thus, the above instruction is practically identical to the instruction on justifiable use of nondeadly force in self-defense. (See the Committee Comments accompanying OUJI-CR 8-46 8-48.) Of course, the general rule obtains that one who goes to the aid of another acts at his own peril, for the right to act in defense of that other is coextensive with the other's right to defend himself at that time, under those circumstances. McBroom v. State, 1924 OK CR 90, 26 Okl. Cr. 352, 224 P. 210, 210 (Syllabus by the Court) (1924); Head v. State, 1924 OK CR 7, 26 Okl. Cr. 33, 221 P. 791, 793-94 (1924).

It should be pointed out that justifiable use of nondeadly force in defense of another is not limited by the statutory language of section 643(3) to any specific, named persons. This is in contrast with the specifically named persons who may be protected by use of deadly force under section 733(2). Hence, a person can come to the defense of any other person with nondeadly reasonable force. If the person defended against should then accidentally be killed, the homicide would seem to be an excusable homicide under 21 O.S. 1991 2011, § 731(1), although the homicide would not be a justifiable homicide under 21 O.S. 1991, § 733(2), because the person defended is not within the classes protected by that statutory provision. See Adams v. State, 1951 OK CR 20, 93 Okl. Cr. 333, 338-39 228 P.2d 195, 198 (1951); Johnson v. State, 1936 OK CR 66, 59 Okl. Cr. 283, 295-96, 58 P.2d 156, 162 (1936). To the defendant, it is immaterial whether the homicide is called excusable or justifiable for purposes of criminal law, because in either instance the defendant is entitled to be found not guilty. (See also the instructions on excusable homicide, OUJI-CR 8-28 and OUJI-CR 8-29.)

 

OUJI-CR 8-15A

DEFENSE OF PERSON - 
RIGHT TO STAND YOUR GROUND

A person has no duty to retreat and has the right to stand his/her ground and meet force with force, including deadly force, if he/she is not engaged in an unlawful activity and is attacked in any place where he/she has a right to be, if he/she reasonably believes it is necessary to do so to prevent (death/(great bodily harm) to himself/herself/another)/(the commission of a forcible felony).

______________________________
Statutory Authority: 21 O.S. Supp. 2007 2011, § 1289.25 (D), (F).

Notes on Use

This Instruction is a type of self-defense instruction, but it includes justification for the use of deadly force to prevent death or great bodily harm to another or the commission of a forcible felony. See also the self-defense instructions in OUJI-CR 8-45 to 8-56, infra. It should be used only if the attack occurred outside of a dwelling, residence, or occupied vehicle. For instructions if the attack occurred inside a dwelling, residence, or occupied vehicle, see OUJI-CR 8-14 and 8-15, supra.

.

Committee Comments

The Oklahoma Court of Criminal Appeals discussed the "stand your ground" law in Dawkins v. State, 2011 OK CR 1, ¶ 11, 252 P.3d 214, 218. The Court decided that the Legislature intended the law to exclude from the law's benefit persons who were actively committing a crime, but not persons who had and may have committed a crime in the past. The Court of Criminal Appeals gave the following examples as crimes where the perpetrators would not be allowed to rely on this defense while they were engaged in committing them:"use of an illegal weapon in commission of the homicide, possession of illegal drugs on the premises, or an ongoing assault by the defendant against another person in the residence." Id. The Court of Criminal Appeals also ruled that the Legislature did not intend to prohibit persons who may have committed minor infractions of the law from using the benefit of the right of defense. It gave the following examples of such minor infractions: "persons who are illegally parked or have outdated vehicle registration, have outstanding warrants for minor offenses, or are in arrears with child support payments. We give these examples as a guide to trial courts in exercising their discretion, and are confident that this interpretation of the law implements the Legislature's stated intent." Id. 

 

OUJI-CR 8-46

DEFENSE OF SELF-DEFENSE - 
JUSTIFIABLE USE OF DEADLY FORCE

A person is justified in using deadly force in self-defense if that person reasonably believed that use of deadly force was necessary to protect himself/herself from imminent danger of prevent death or great bodily harm to himself/herself or to terminate or prevent the commission of a forcible felony against himself/herself. Self-defense is a defense although the danger to life or personal security may not have been real, if a reasonable person, in the circumstances and from the viewpoint of the defendant, would reasonably have believed that he/she was in imminent danger of death or great bodily harm.

______________________________
Statutory Authority: 21 O.S. 1991 Supp. 2016, § 733.

Notes on Use

This Instruction should be used for the use of deadly force in self defense or to prevent the commission of a forcible felony upon the defendant. For an Instruction for the use of deadly force in the defense of another or to prevent the commission of a forcible felony upon another, see OUJI-CR 8-2, supra. For an Instruction for the use of deadly force in protection of the habitation, see OUJI-CR 8-14, supra. For an Instruction for the use of deadly force against an intruder, see OUJI-CR 8-15, supra. For an Instruction on the right to stand your ground, see OUJI-CR 8-15A, supra.

Committee Comments

Subsection 1 of section 733 seems to indicate three situations in which use of deadly force is justifiable: (1) in self-defense; (2) to prevent the commission of a felony; and, (3) in defense of a habitation. Subsection 2 of section 733 also seems to present three situations in which deadly force is justifiable: (1) in self-defense; (2) in defense of another; and, (3) to prevent the commission of a forcible felony. Finally, subsection 3 of section 733 seems to permit use of deadly force in three situations: (1) to apprehend a felon; (2) to suppress a riot; and, (3) to preserve the peace. Use of deadly force in protection of the habitation or in protection of others is considered with the instructions concerning the defense of habitation, OUJI-CR 8-14, and the defense of another, OUJI-CR 8-2. The other seven situations which seemingly permit use of deadly force under section 733 are considered here.

Despite the language of subsection 1, "[w]hen resisting any attempt ... to commit any felony upon him," and despite the language of subsection 2, "when there is a reasonable ground to apprehend a design to commit a felony," the Court of Criminal Appeals has held that not every felony permits a person to use deadly force to prevent commission of that felony. In Mammano v. State, 333 P.2d 602 (Okl. Cr. 1958), the deceased grabbed the defendant's hands and placed them on his private parts. The defendant killed the deceased and pleaded subsections 1 and 2 in justification. The court held that the acts of the deceased alone did not justify the homicide because the acts of the deceased did not involve imminent danger of death or great bodily harm to the defendant. The conviction was affirmed. The Mammano case, therefore, places a limitation on the "any felony" language of subsection 1, and the "a felony" language of subsection 2. Only those felonies which involve danger of imminent death or great bodily harm may be defended against by the use of deadly force. By placing this limitation on the "felony" language of subsections 1 and 2, the court has ruled that the felony language of subsections 1 and 2 presents no defense other than the defense of self-defense.

In light of Mammano, the Commission has concluded that a homicide is "necessarily committed ... to apprehend any person for any felony" under subsection 3 only when the person attempting to apprehend the felon is put in imminent danger of death or great bodily harm. The use of deadly force to apprehend a felon would be justifiable, therefore, only under those circumstances in which the defense of self-defense is applicable.

Subsection 3 of section 733 also contains the language, "in lawfully suppressing any riot; or in lawfully keeping and preserving the peace." Research has shown only one case that has invoked the "preserving the peace" language, and no cases that have invoked the "suppressing any riot" language as justification for the use of deadly force. Fleming v. State, 401 P.2d 997 (Okl. Cr. 1965). In Fleming, the defendant had been asked by a neighbor to come to her house to help her stop a fight that had developed between her husband and a friend. When the defendant attempted to stop the fight, the friend began fighting with the defendant and attacked the defendant with a knife. The defendant killed the friend. The Court of Criminal Appeals reversed the conviction for first-degree manslaughter because the trial court failed to instruct on subdivision 3 of section 733. The Commission considered it significant, however, that the defendant in Fleming had been attacked by the decedent, who was wielding a knife. Hence, the defendant had a right of self-defense. The Commission is therefore of the opinion that a homicide is "necessarily committed" when preserving the peace only in those situations in which the peacemaker is in imminent danger of death or great bodily harm, i.e., only in those situations in which the peacemaker has a defense of self-defense. Similarly, the Commission has concluded that use of deadly force is justifiable when suppressing a riot only in those situations in which the defense of self-defense is applicable.

In light of the limitation set forth in Mammano and the Commission's interpretation of Fleming, the Commission has concluded that the seven six situations of section 733 herein covered involve solely one defense - the defense of self-defense. Moreover, the Commission has concluded that only one self-defense instruction covering all seven situations is needed. (OUJI-CR 8-46). 

Fear alone does not justify a homicide, McKee v. State, 1962 OK CR 57, 372 P.2d 243 (Okl. Cr. 1962); nor may a homicide be justified because of threats or insults by the decedent, Jamison v. State, 1956 OK CR 127, 304 P.2d 371 (Okl. Cr. 1956); Fields v. State, 1947 OK CR 126, 85 Okl. Cr. 439, 188 P.2d (1948); Ging v. State, 1925 OK CR 461, 31 Okl. Cr. 428, 239 P. 685 (1925); nor may a defendant kill and be justified when acting simply on subjective honest belief, Haines v. State, 1954 OK CR 85, 275 P.2d 347 (Okl. Cr. 1954); Hood v. State, 1925 OK CR 461, 70 Okl. Cr. 334, 106 P.2d 271 (1940). Rather, a homicide is justifiable when a reasonable person would have used deadly force. Davis v. State, 2011 OK CR 29, ¶ 95, 268 P.3d 86, 114 (quoting this Instruction); Harris v. State, 1968 OK CR 223, 448 P.2d 296 (Okl. Cr. 1968); Jamison v. State, supra; Brown v. State, 1923 OK CR 204, 24 Okl. Cr. 161, 216 P. 944 (1923). A homicide is also justifiable when the use of deadly force is reasonably necessary because the danger appears imminent. McKee v. State, supra; Lary v. State, 1931 OK CR 83, 50 Okl. Cr. 111, 296 P. 512 (1931); Best v. State, 1926 OK CR 41, 33 Okl. Cr. 237, 242 P. 1063 (1926). Finally, the jury should view the circumstances from the viewpoint of the defendant. Wingfield v. State, 1949 OK CR 36, 89 Okl. Cr. 45, 55, 205 P.2d 320, 327 (1949), overruled on other grounds, Hommer v. State, 1983 OK CR 2, ¶ 6, 657 P.2d 172, 174, (Okl.Cr. 1983); Guthrie v. State, 1948 OK CR 58, 87 Okl. Cr. 112, 194 P.2d 895 (1948).

Subsection 1 of 21 O.S. Supp. 2016, § 733 provides that homicide is justifiable "[w]hen resisting any attempt ... to commit any felony upon him." Nevertheless, the Court of Criminal Appeals has held that the use of deadly force is not justifiable to prevent commission of any felony. In Mammano v. State, 1958 OK CR 94, 333 P.2d 602, the deceased grabbed the defendant's hands and placed them on his private parts. The defendant killed the deceased and pleaded subsection 1 in justification. The court held that the acts of the deceased alone did not justify the homicide because the acts of the deceased did not involve imminent danger of death or great bodily harm to the defendant. The conviction was affirmed. The Mammano case, therefore, places a limitation on the "any felony" language of subsection 1. Only those felonies which involve danger of imminent death or great bodily harm may be defended against by the use of deadly force. 

Subsection 3 of section 733 also contains the language, "in lawfully suppressing any riot; or in lawfully keeping and preserving the peace." Research has shown only one case that has invoked the "preserving the peace" language, and no cases that have invoked the "suppressing any riot" language as justification for the use of deadly force. Fleming v. State, 1965 OK CR 53, 401 P.2d 997. In Fleming, the defendant had been asked by a neighbor to come to her house to help her stop a fight that had developed between her husband and a friend. When the defendant attempted to stop the fight, the friend began fighting with the defendant and attacked the defendant with a knife. The defendant killed the friend. The Court of Criminal Appeals reversed the conviction for first-degree manslaughter because the trial court failed to instruct on subdivision 3 of section 733. The Commission considered it significant, however, that the defendant in Fleming had been attacked by the decedent, who was wielding a knife. Hence, the defendant had a right of self-defense. The Commission is therefore of the opinion that a homicide is "necessarily committed" when preserving the peace only in those situations in which the peacemaker is in imminent danger of death or great bodily harm, i.e., only in those situations in which the peacemaker has a defense of self-defense. Similarly, the Commission has concluded that use of deadly force is justifiable when suppressing a riot only in those situations in which the defense of self-defense is applicable.

 

L. DEFENSE OF VICTIM OF HUMAN TRAFFICKING

OUJI-CR 8-61

DEFENSE - VICTIM OF HUMAN TRAFFICKING

The defendant has raised the defense that he/she was a victim of human trafficking during the time of the alleged offense. It is the burden of the State to prove beyond a reasonable doubt that the defendant was not a victim of human trafficking during the time of the alleged offense. If you find that the State has failed to satisfy its burden of proof beyond a reasonable doubt, then the defendant must be found not guilty.

______________________________

Statutory Authority: 21 O.S. Supp. 2014 2016, § 748(D).

Notes on Use

This instruction should be given where the evidence presented at trial sufficiently raises the defense that the defendant was a victim of human trafficking at the time of the alleged offense.

 

OUJI-CR 9-45

VICTIM IMPACT EVIDENCE -- CAPITAL CASES

The prosecution has introduced what is known as victim impact evidence. This evidence has been introduced to show the financial, emotional, psychological, or physical effects of the victim's death on the members of the victim's immediate family. It is intended to remind you as the sentencer that just as the defendant should be considered as an individual, so too the victim is an individual whose death may represent a unique loss to society and the family. This evidence is simply another method of informing you about the specific harm caused by the crime in question. You may consider this evidence in determining an appropriate punishment. However, your consideration must be limited to a moral inquiry into the culpability of the defendant, not an emotional response to the evidence.

As it relates to the death penalty: Victim impact evidence is not the same as an aggravating circumstance. Proof of an adverse impact on the victim's family is not proof of an aggravating circumstance. Introduction of this victim impact evidence in no way relieves the State of its burden to prove beyond a reasonable doubt at least one aggravating circumstance which has been alleged. You may consider this victim impact evidence in determining the appropriateness of the death penalty only if you first find that the existence of one or more aggravating circumstance has been proven beyond a reasonable doubt by evidence independent from the victim impact evidence, and find that the aggravating circumstance(s) found outweigh(s) the finding of one or more mitigating circumstances.

As it relates to the other sentencing options: You may consider this victim impact evidence in determining the appropriate punishment as warranted under the law and facts in the case.

______________________________
Statutory Authority: 22 O.S. Supp. 2016, §§ 984, 984.1, 984.2 21 O.S. Supp. 2016, § 701.10(C). 

Notes on Use

This instruction is for use in death penalty cases. It should not be given if affirmatively waived by the defendant and his attorney.

The Court of Criminal Appeals held in Cooper v. State, 1997 OK CR 22, ¶¶ 3-4, 894 P.2d 420, 422, that it was improper for the trial court to order a second stage for the sole purpose of presenting victim impact evidence to the jury before the jury recommended a sentence. 22 O.S. Supp. 2000, § 984.1 21 O.S. 2011, § 142A-8 authorizes victim impact statements to be offered presented "at the sentence proceeding" for violent crimes that are listed in 57 O.S. Supp. 2000, § 571(5). Separate sentencing proceedings should not be conducted before a jury, except in cases where the death penalty is sought and in bifurcated proceedings for enhanced sentencing after former conviction of a felony. The Court of Criminal Appeals has not ruled on whether victim impact statements are admissible in a bifurcated proceeding for enhanced sentencing after former conviction of a felony. Accordingly, the Committee has not prepared a jury instruction for such cases.

Committee Comments

This instruction is taken from Cargle v. State, 1995 OK CR 77, ¶ 77, 909 P.2d 806, 828-29. Cargle has been modified by the Tenth Circuit Court of Appeals in Cargle v. Mullin, 317 F.3d 1196 (10th Cir. 2003). The United States Supreme Court decided in Bosse v. Oklahoma, 137 S.Ct. 1 (2016), that it was improper for relatives of a victim in a murder case to recommend a death sentence to a jury.

 

OUJI-CR 10-13

RETURN OF VERDICT -- BASIC INSTRUCTION

If you find beyond a reasonable doubt that the defendant committed the crime of [Crime Charged], you shall return a verdict of guilty by marking the Verdict Form [for the crime of (Crime Charged)] appropriately.

If you have a reasonable doubt of the defendant's guilt of the charge of [Crime Charged], or you find that the State has failed to prove each element of [Crime Charged] beyond a reasonable doubt, you shall return a verdict of not guilty by marking the Verdict Form [for the crime of (Crime Charged)] appropriately.

If you find the defendant guilty, you shall then determine the proper punishment. The crime of [Crime Charged] is punishable by [State Range of Punishment]. When you have decided on the proper punishment, you shall fill in the appropriate space on the Verdict Form [for the crime of (Crime Charged)] and return the verdict to the Court.

Notes on Use

This instruction should be used in cases where there are no lesser included offenses charged, and there is no sentence enhancement for prior convictions. For instructions in cases involving lesser included offenses, see OUJI-CR 10-23 through 10-27. For instructions in cases involving sentence enhancement for prior convictions, see OUJI-CR 10-15 through 10-22. OUJI-CR 10-13A or 10-13B should be used for crimes listed in 21 O.S. Supp. 2015, § 13.1, and OUJI-CR 10-13C should be used for crimes requiring post-imprisonment community supervision.

For any offense for which no fine is otherwise provided by law, In addition to a term of imprisonment, the punishment may include a fine imposed by the court under 21 O.S. Supp. 1999 2011, § 64. Daniels v. State, 2016 OK CR 2, ¶ 5, 369 P.3d 381, 384; Fite v. State, 1993 OK CR 58, ¶¶ 8-11, 873 P.2d 293, 295. The Oklahoma Court of Criminal Appeals has provided an example of a proper instruction in Daniels v. State, as follows: "The crime of SHOOTING WITH INTENT TO KILL is punishable by imprisonment in the state penitentiary not exceeding life. In addition, you may also impose a fine not exceeding ten thousand ($10,000.00) dollars." 2016 OK CR 2, ¶ 5, 369 P.3d 381, 384.

If there are multiple counts, this instruction should be repeated for each count, and the instruction should conclude with the statement: "You may find the defendant guilty of [one or both] [some or all] counts or not guilty of [one or both] [some or all] counts."

The Committee recommends individual Verdict Forms on separate sheets of paper for each Count. A Verdict Form to go with this instruction is provided in OUJI-CR 10-14, infra.

 

 






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.